<div align="center">ADAMS *against* FREEMAN.</div>

THIS was an action of trespass and false imprisonment.   The
defendant pleaded, 1. *Not guilty.* 2. That on the 11th *May,* 1809,
the parties submitted all differences to arbitrators, (see *ante,*
p. 115.) so that the award should be made on or before the 1st
*July,* 1809.   The time was enlarged to the 1st *August,* and, be-
fore that time, an award was made, to wit, on the 15th *July.* The
bonds contained an agreement, that the submission should be
made a rule of court, pursuant to the act of 28th *February,* 1791,
of the court of common pleas of *Washington* county.   The plain-
tiff having made default in performing the award, the defendant
filed the bond, award, &c. and on the 29th *December,* 1809,
caused the submission to be made a rule of court.   After service of
a copy of the rule, the plaintiff having neglected to perform the
award, the defendant, on the 29th *May,* 1810, obtained a rule for
an attachment against the plaintiff.   An attachment was accord-
ingly issued, tested in *March,* 1810, and returnable the last *Tues-
day* of *May,* (the 29th,) which was delivered to the sheriff on

*A submission having been made a rule of court, A. sued out an attachment against B. for not performing the award, returnable on the 29th of May, which was, on that day, delivered to the sheriff, who arrested B. on the 31st May, and the parties appeared at court, on the 1st June, and the cause was put off, to the next term.*

*In an action of trespass and falseimprisonment, brought by B. against A., it was*

held, that it was lawful for the sheriff to arrest the party, on the return day of the attachment, and
no direction having been given to him by A. to make the arrest, afterwards, the trespass, if any,
was committed by the sheriff, not by A

. A party who sues out and delivers to the sheriff a valid process, is not responsible for any irre-
gularity of the sheriff in executing the process, unless it appear, affirmatively, that he acted by the
orders of the party, when he committed the trespass.   The party is answerable only for the validi-
ty of the process, and for good faith in suing it out.

Whether an assent to the trespass, afterwards, by the party, will make him a trespasser *ab initio,*
*dubitatur.*   But, if so, such assent must be clear and explicit, and founded on full knowledge of the
trespass.

NEW YORK, the 29th *May*, who, afterwards, and before the return thereof,
May, 1812. arrested the plaintiff, to wit, on the 31st *May*, and kept him in
custody until the 1st *June*, when the court postponed the cause
until the last *Tuesday* in *August*, 1810; and the sheriff again had
the plaintiff in custody, before the court, on that day, and de-
tained him, until he was discharged from the attachment, by or-
der of the court. The plaintiff demurred to this plea, and the de-
fendant joined in the demurrer.

ADAMS
v.
FREEMAN.

*Weston* and *Z. R. Shepherd* argued in support of the demurrer.

*Skinner* and *Foot*, contra.

*Per Curiam.* The plaintiff was attached and imprisoned under
the statute, (*Laws*, vol. 1. 156.) for refusing or neglecting to per-
form the award; and the statute makes the party, in such case,
" subject to all the penalties of contemning a rule of court."
The irregularity contended for on the part of the plaintiff is, that
he was arrested on the attachment, on the 31st of *May*, being af-
ter the return day. The attachment was returnable on the 29th
of *May*, and on that day, the defendant avers that he delivered
the process to the sheriff. It was lawful for the sheriff to have
arrested the plaintiff on the return day, and it does not appear that
the defendant gave any direction to have him arrested afterwards.
The trespass (if any) was, therefore, committed by the sheriff,
and not by the defendant; and it does not appear that the defend-
ant even knew, at the time the plaintiff was detained a prisoner,
that he had been arrested after the return day. There is no law
or justice, that a party who sues out and delivers to the sheriff
a valid process, should be responsible for the irregularity of the
sheriff in executing the process, unless it appear, affirmatively,
that the sheriff acted under his orders, when he committed the
trespass. The party who sues out process from a competent
court, is responsible only for the validity of the process, and for
good faith in suing it out. He is not to answer for the acts of the
officer, beyond the authority of the precept, unless he makes
those acts his own. The doctrine of a ratification of a trespass
committed without the authority of the party ratifying, does not
seem to apply. It may be questionable, whether an assent, af-
terwards, to a trespass, will make the party assenting a trespasser
*ab initio*, in cases of mere personal *tort*. (*Bishop* v. *Viscountess*

*Montague, Cro. Eliz.* 824.) But, at any rate, the assent must be clear and explicit, and founded on full knowledge of the previous trespass. There is no evidence here of any such assent, and the plaintiff should have replied and averred that assent, if he would avoid the plea. The appearance of the plaintiff in court, on the 1st of *June,* was no evidence that he was arrested, after the return day; and if the defendant had been informed of it, he had a right to consider the plaintiff as waiving the objection to the time of the arrest, since he submitted to it, by making no application to the court to be discharged, and by acquiescing in a continuation of the imprisonment, or effect of the arrest, until the subsequent term of the court of common pleas. The plea is, therefore, a sufficient bar to the action; and without touching any other question that was raised, the defendant is entitled to judgment.

<p style="text-align:right">NEW-YORK,<br>May, 1812.</p>

<p style="text-align:center">Judgment for the defendant.</p>