Wardlaw J.
delivered the opinion of the Court.
The 8th section of the Sheriff’s Act of 1839, points out the distinction between a regular deputy of the Sheriff and a special deputy, appointed when the exigency of business required it; and also excepts from the general responsibility of the Sheriff for the conduct of all his deputies, “the case of a special deputy, who may be appointed at the request of a party, his agent or attorney, and so expressed in the deputation.” *120 (See Com. Dig. Viscount D. 1, D., 2, 4 Term, 119; 8 Term, 505.) Although not absolutely clear, it seems that a deputation, to fall within the exception, must be in writing. Whether the exception exempts the Sheri IT from liability to third persons, or only from responsibility to the party at whose request the appointment was made, need not now be considered: for this relates only to the liability of the party, and as to him it is immaterial, whether the deputy appointed at his request was appointed regularly or irregularly, and whether the Sheriff too be answerable to third persons, or only the party. Independently of the above statute, for reasons of public policy, the Sheriff is liable for the trespasses or unnecessary violence of his deputy, done colore officii, and is liable in trespass. 1 Chit. PL, 67, 181; 3 Wils. 309. The party for whom a Sheriff or his deputy was executing process, is not liable in any form of action for a trespass committed in the execution, if he have only delivered lawful process to be executed in a lawful way. If he have actually interfered or aided in the trespass, he is liable in trespass. The previous consent of the party to the wrongful act, would make him a trespasser: and the subsequent assent of the party (not an infant or femme covert) to a trespass for his use or benefit, would, as I think, make him a trespasser; certainly would be received as evidence of a previous consent. See 9 Johns. 117.
In the case of a bailiff appointed at the request of a party, to do a lawful act in a lawful way, for unnecessary violence of the bailiff without the assent of the party, the party is not subject to the liability as a co-trespasser, which reasons of policy cast upon the Sheriff; but as in the case of a master, answerable for the acts of his servant done in his service, is liable only in case.
In this case, the only motion is for a non-suit. It is clear that the defendant is answerable in trespass, if Patterson was in no wise the deputy of the Sheriff; that is, if Patterson had not the authority of the law, but only the directions of the defendant. It is equally clear that the defendant is answerable in trespass, if he assented to the unnecessary violence of Patterson, however Patterson may have been deputized. The *121 evidence on these points was too doubtful to be withdrawn from the consideration of the jury; and the verdict, under the instructions which were given, has shewn that the jury thought it sufficient to establish the defendant’s liability in one or other of these views.
The motion is therefore dismissed.
Richardson J., O’Neall J., Evans J., and Butler J., concurred.