JOHN C. LAING *vs.* ANTHONY D. MITTEN.

Middlesex.    January 13, 1904. — February 27, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Malicious Prosecution.   Damages.   Slander.   Evidence.*
</div>

In an action for malicious prosecution the judge in substance told the jury, that the burden was upon the plaintiff to prove that in instituting criminal proceedings the defendant acted maliciously and without probable cause, and that upon the question of probable cause the jury were not to take into consideration the fact of acquittal, but were "to deal with the case as though it were new" before them, "and say whether there was a probable cause for it under all the circumstances." *Held*, that this portion of the charge was sufficiently favorable to the defendant.

In an action for malicious prosecution the judge in his charge at first told the jury that the defendant, if they found against him, was to be held liable for all the results of the prosecution "no matter what happened", but subsequently corrected this statement by a direction to hold the defendant liable only for that "which would naturally arise from the service of the process or which naturally · might be expected" to happen as "the natural consequence of the service of the process." *Held*, that this gave the defendant no ground for exception.

In an action for malicious prosecution, if it appears that the defendant started a prosecution resulting in the arrest of the plaintiff, the defendant, although not liable for any acts of the arresting officer done in excess of the authority conferred by his warrant, may be held liable for everything done within such authority, whether the officer acted with the greatest possible consideration toward the plaintiff or not.

Words used in a complaint made to a magistrate having jurisdiction to receive it, and in testimony given before a court of competent jurisdiction on the trial of the complaint, are spoken in the course of judicial proceedings, and, if pertinent to the matter in hearing, are absolutely privileged even if uttered maliciously.

The exclusion of evidence involving collateral issues is within the discretion of a trial judge.

TORT, against a captain in the Volunteer Militia of Massachusetts by a member of his company, with three counts, respectively for alleged false imprisonment, slander and malicious prosecution.   Writ dated March 24, 1902.

At the trial in the Superior Court before *Hardy*, J., the jury returned a verdict for the plaintiff on all three counts, assessing damages respectively in the sums of $150, $200 and $300. The defendant alleged exceptions.

*W. H. Bent*, for the defendant.

*J. J. Hogan*, for the plaintiff.

HAMMOND, J. The amended declaration contained three counts, the first for false imprisonment, the second for slander, and the third for malicious prosecution. The questions before us arise upon the rejection of two letters offered by the defendant, and upon the instructions to the jury upon the second and third counts.

1. As to the count for malicious prosecution. The defendant stoutly contends that the charge to the jury upon this point was contradictory and confusing, and that it must have misled them. While some of the sentences, considered apart from their setting, might seem to give color to this criticism, still upon a careful reading of the charge we are of opinion that in substance the jury were told that the burden was upon the plaintiff to prove that in instituting criminal proceedings the defendant acted maliciously and without probable cause, and that upon the question of probable cause the jury were not to take into consideration the fact of the acquittal, but were " to deal with the case as though it was new before " them, " and say whether there was a probable cause for it under all the circumstances." While upon the question of damages the jury were at first told that the defendant was to be held liable for all the results of the prosecution " no matter what happened," this statement was subsequently corrected so as to hold the defendant liable only for that " which would naturally arise from the service of the process or which naturally might be expected " to happen as " the natural consequence of the service of the process." As thus construed, the charge both as to liability and damages was sufficiently favorable to the defendant.

The defendant was not liable for any acts of the officer done in excess of the authority conferred by the warrant, but having started the prosecution he was liable for everything done within such authority, and that was so, even if the officer might have

been a little more considerate than he actually was. *Adams* v. *Freeman*, 9 Johns. 117.    *Welsh* v. *Cochran*, 63 N. Y. 181.

It may be said in passing that while the bill of exceptions recites that " the arrest was made in an unusual manner, and with acts of unnecessary and unwarrantable cruelty and indignity," the acts which are set forth in the bill, with the possible exception of the confinement in a cell not sufficiently warmed (and even this might have occurred with no fault upon the part of any person), are all plainly within the authority of the precept under which the officer acted.    Unless there were acts besides those shown in the record to which the words " unnecessary " and " unwarrantable " are applicable, the words would not seem to imply an act beyond the authority of the process.    The exceptions applicable to this count must therefore be overruled.

2. As to the count for slander.    It appeared that the alleged slander consisted of the words spoken by the defendant to the magistrate, importing that the plaintiff had assaulted the defendant and struck him with a door knob, and also of the testimony to the same effect given by the defendant as a witness upon the trial of the complaint.    The complaint was made to a magistrate having jurisdiction to receive it, and the trial took place in a court of competent jurisdiction.    These words were therefore spoken in the course of judicial proceedings, and being pertinent to the matter in hearing, were absolutely privileged, even if uttered maliciously.    *Hoar* v. *Wood*, 3 Met. 193.    *Kidder* v. *Parkhurst*, 3 Allen, 393, 396, and cases cited.    *Watson* v. *Moore*, 2 Cush. 133, 138.    *Morrow* v. *Wheeler & Wilson Manuf. Co.* 165 Mass. 349.    The instructions to the jury allowing them to find for the plaintiff upon this count if they found that these statements thus made in the course of judicial proceedings were not made in good faith, were erroneous.    It is suggested by the plaintiff that the jury might have founded their verdict upon the evidence which tended to show that the same words were spoken also at the armory, but we cannot know that such is the fact.    The exceptions to the instructions so far as applicable to this count must be sustained.

3. There was no error in the exclusion of the letters. Whether the letter of February 15 showed bias, and to what

extent, depended somewhat upon whether the statements therein contained were true or false, and the judge may well have thought that its admission would lead to an extended inquiry upon matters remote from the true issues.    The letter of February 25 was so far remote from the true issues as to throw no light upon them.    Both letters were properly excluded at the discretion of the judge.

> *Exceptions as to the second count sustained ; other exceptions overruled.*