MICHAEL SEIDLER *vs.* JOHN J. BURNS.

First Judicial District, Hartford, January Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Where proper and improper elements or grounds of damage are alleged in one paragraph, the latter should be attacked by a motion to expunge and not by demurrer.

In an action for malicious prosecution the defendant is responsible in damages only for the natural and probable results of his own conduct, and therefore cannot ordinarily be held liable for the harsh and unusual treatment accorded by public officers to the plaintiff

while he was under arrest and awaiting trial at police headquarters or other place of detention.

One who is instrumental in securing the confinement of another in a cell, may well be assumed to anticipate that a soft bed may not be provided.

The law does not contemplate the possibility of a conviction of a criminal charge which is made without probable cause; and therefore an instruction to the jury which authorizes them to treat "the risk of conviction" as an independent basis for the assessment of damages, is reversible error.

Argued January 3d—decided March 8th, 1911.

ACTION to recover damages for malicious prosecution, brought to the Superior Court in Hartford County where a demurrer to portions of the complaint was overruled (*Case, J.*), and the cause was afterward tried to the jury before *Ralph Wheeler, J.;* verdict and judgment for the plaintiff for $400, and appeal by the defendant. *Error and new trial ordered.*

As the result of the defendant's complaint, a warrant for the plaintiff's arrest upon the criminal charge of wilfully injuring the defendant's property was issued by proper authority, and the plaintiff arrested thereon. He was placed in a cell in the Hartford police station, where he remained over night. He continued in custody until the afternoon of the following day, when he was given his liberty. Upon his presentment to court later he was found not guilty, and discharged. Other facts are sufficiently stated in the opinion.

*Joseph L. Barbour* and *Stewart N. Dunning*, for the appellant (defendant).

*A. Storrs Campbell*, for the appellee (plaintiff).

PRENTICE, J. The defendant complains of the court's action in overruling his demurrer to the complaint, of several portions of its charge, and of a ruling upon the admission of testimony.

The demurrer was properly overruled. It was a misdirected effort to have stricken from the complaint a portion of the allegations of one paragraph claimed to set out improper elements of damage in connection with others admittedly proper. A motion, and not a demurrer, was the appropriate proceeding to resort to to accomplish that end. Rules under the Practice Act (Practice Book, 1908, p. 247) § 155c.

In that part of the charge which dealt with the subject of damages, the jury were informed that the plaintiff might, in the event that he established a right of action, recover compensation for, among other things, "injury to the person by being imprisoned upon the defendant's charge, such as injury to his health, for physical suffering caused by cold and want of a bed, and deprivation of food." By this broad and unqualified language they were permitted to compensate the plaintiff for the physical consequences to him from cold, the lack of a bed, and deprivation of food while under arrest, whatever the circumstances attending those conditions might have been, whoever might have been the responsible author of them, and whether or not the defendant had knowledge of them, or reason to anticipate them, either as being the natural or probable result of the arrest, or otherwise.

The authorities are in singular conflict as to the law upon the subject of these instructions. In several decisions it appears to have been held that in cases of this sort the prosecutor is legally responsible for all the consequences of the prosecution which, through his malice, he caused to be brought without probable cause. *Abrahams* v. *Cooper*, 81 Pa. St. 232, 235; *San Antonio & A. P. Ry. Co.* v. *Griffin*, 20 Tex. Civ. App. 91, 95, 48 S. W. 542; *Fenelon* v. *Butts*, 53 Wis. 344, 349, 10 N. W. 501; *Drumm* v. *Cessnum*, 61 Kan. 467, 472, 59 Pac. 1078; *Johnson* v. *McDaniel*, 5 Ohio Dec. (S. & C.) 717. In the

first named and earliest of these cases, it was determined that the precise elements under discussion were proper ones for the jury's consideration. In 2 Sedgwick on Damages (8th Ed.) § 457, is a statement to the same effect, and in the same language, *Abrahams* v. *Cooper*, 81 Pa. St. 232, being referred to as authority, and the sole authority, for it. Sutherland on Damages (3d Ed., Vol. 4, § 1237) gives countenance to the rule, to the extent of saying that it is claimed for it that it has the support of the most numerous cases.

Other cases either distinctly express, or plainly indicate, a different view. *Zebley* v. *Storey*, 117 Pa. St. 478, 485, 12 Atl. 569; *Flam* v. *Lee*, 116 Ia. 289, 293, 90 N. W. 70; *Garvey* v. *Wayson*, 42 Md. 178, 189; *Laing* v. *Mitten*, 185 Mass. 233, 234, 70 N. E. 128; *Lock* v. *Ashton*, 13 Jur. 167.

The reason assigned for the first-named position, and the only one which has been attempted, as far as we have been able to discover, is that expressed in the brief opinion in *Abrahams* v. *Cooper*, 81 Pa. St. 232, 235, as follows: "Malice was the gist of this action, and the natural and probable consequence of this arrest was the imprisonment of the plaintiff. The suffering of the plaintiff from cold, the want of a bed to lie upon, and deprivation of food for many hours, sprang directly from the imprisonment to which the malice of the defendant exposed the plaintiff. Because others may have also been in fault, it does not take away the participation of the defendant in the wrong done to the plaintiff."

Our examination of the authorities and text-books indicates that this decision is the original source of this doctrine. Notwithstanding the allegiance which it appears to have secured, it does not impress us as founded in sound reason. We fail to discover in the fact that the gist of these actions is malice any just reason why a prosecutor should be held responsible for the

misconduct of others, including officials charged with the duty of taking proper action in directing the machinery of the law and in executing its processes, which misconduct he has no part in bringing about, of which he has no knowledge, and which he had no reason to anticipate either as being the natural or probable result of the prosecution or otherwise. The fact that *Zebley* v. *Storey*, 117 Pa. St. 478, 486, 12 Atl. 569, was decided by the same court which laid down the broad doctrine of *Abrahams* v. *Cooper*, suggests either that the language of the earlier opinion has been misconstrued as to its scope, or that that court has come to realize that in the first instance it went too far. In the later case it was said (p. 486): "He [the prosecutor] is not responsible for the way in which the county of Philadelphia, acting through its officials, treats persons confined in the county prison. He is responsible for the unlawful restraint of the plaintiff's liberty, if he has so restrained it, but it would be unreasonable, as well as unjust, to hold him liable for the acts or conduct of public officials over whom he had no control."

We are of opinion that the trial court was in error in instructing the jury with respect to these possible elements of damage in the unqualified language which was used. It is evident, however, that the defendant could not have been harmed by the error. The finding shows that the only facts relating to conditions or treatment claimed to have been productive of harmful results sought to be established by the plaintiff which could have been regarded by the jury as being touched by the instructions in question, and therefore the only ones which could have been used in awarding damages under them, were that the bed in the cell was hard, and that the plaintiff ate nothing from the time of his arrest in the afternoon until after 3 P. M. the next day.

One who is instrumental in the confinement of another

in a cell may well be assumed to anticipate that a soft bed
may not be provided. In this case it does not appear that
the plaintiff claimed to have proved that the bed which
was provided was harder and more uncomfortable than
those usually furnished under such conditions, or than
would be reasonably expected in such a place. As to
the eating, there is no claim that it was established that
the plaintiff's fasting for twenty-four hours was enforced
by the action of his keepers in not providing food. For
all that appears it was the result of his own volition.

The court further told the jury that it might consider
as an element of damage the plaintiff's "risk of convic-
tion." What it meant by the term as thus used is not
apparent. Its language in the sentence immediately
following, in which it took up the subject of mental suf-
fering, plainly indicates that "risk of conviction" was
not referred to for the purpose of calling the jurors'
attention to a feeling of fear or apprehension of possible
conviction which the plaintiff may have entertained,
as bearing upon the subject of mental anguish. If it
were, the language of the court was unfortunately inapt
and misleading. It is quite evident from its context
that the term was used to point out an independent
basis for the assessment of damages. We know of no
authority, and can conceive of no reason, for such action.
Risk of conviction of a criminal charge made without
probable cause there is not, unless there is an utter fail-
ure of the judicial machinery. This situation is cer-
tainly not one which the law contemplates. The seri-
ous fault in the instruction is that the attention of the
jurors was called to it as presenting a substantial matter
for consideration, and that they were invited to enter
upon a field of speculative and indefinite inquiry in
which, through ignorance of the legal conditions, or
sympathy or prejudice, they might easily be led to un-
warranted and harmful results.

The remaining reasons of appeal need not be considered.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.