## DUCKWALL v. DAVIS.

[No. 23,884. Filed January 18, 1924. Rehearing denied June 24, 1924.]

1. **MALICIOUS PROSECUTION.**—*Action.*—*Essential Elements.*—*Necessary Proof.*—In an action for malicious prosecution, the plaintiff must establish by proof that the defendant maliciously instituted or caused to be instituted the prosecution, without probable cause, and that it has terminated. p. 675.

2. MALICIOUS PROSECUTION.—*Indictment.*—*Presumptive Evidence.*—*Probable Cause.*—The fact that an indictment was returned by the grand jury was presumptive evidence of probable cause in a suit for malicious prosecution, though subject to be rebutted by proof that it was induced by false testimony or other improper means. p. 675.

3. APPEAL.—*Record.*—*Instructions.*—*Bill of Exceptions.*—*Sufficiency.*—*Statutes.*—Under §561 Burns 1914, Acts 1907 p. 652, exceptions taken orally to the giving or refusal to give certain instructions and entered upon the record, together with the instructions and a recital as to which were given and refused, sufficiently presents the court's ruling thereon for review, though the instructions were not incorporated in a bill of exceptions and no memoranda indicating which were given and refused and the exceptions taken were endorsed on the instructions by the attorneys or trial judge. p. 676.

4. TRIAL.—*Requested Instructions.*—*Exceptions.*—*Time Tendered.*—*Availability.*—*Statutes.*—Under §§558, 559 Burns 1914, §§533, 534 R. S. 1881, exceptions to the refusal of certain instructions are not available on appeal where they were not tendered to the court, with request that they be given, until after the argument was concluded. p. 678.

5. TRIAL.—*Requested Instructions.*—*Identification.*—*Signed Request.*—Signing a request that certain instructions be given, which was attached to and fully identified the instructions, *held* a sufficient signing of the instructions. p. 678.

6. TRIAL.—*Instructions.*—*Probable Cause.*—*Return of Indictment.*—In an action for malicious prosecution, an instruction that certain facts would not constitute probable cause, *held* erroneous as it ignored the admitted fact that an indictment had been returned by the grand jury. p. 678.

7. TRIAL.—*Instructions.*—*Probable Cause.*—*Assumed Facts.*—In an action for malicious prosecution, which the defendants denied having caused, the court erred in assuming as a fact and in instructing the jury that the question was whether or not defendants had probable cause "when they caused the prosecution to be begun" and discussing the conditions under which they did so. p. 679.

8. MALICIOUS PROSECUTION.—*Probable Cause.*—*Question for the Court.*—In an action for malicious prosecution, the question whether a given state of facts does or does not establish probable cause is for the court and not the jury. p. 679.

9. APPEAL.—*Instruction.*—*Invited Error.*—One who invited error by asking an instruction erroneously declaring a rule of law is in no position to avail himself of error in giving an instruction declaring the same rule of law. p. 679.

10.  MALICIOUS PROSECUTION.—*Compensatory or Exemplary Damages.—Mistreatment in Jail.—Statutes.*—In an action for malicious prosecution, where one was indicted for a crime and confined in a filthy jail, and was denied proper food or the use of a bed and was treated in a rough and brutal manner by the jailers in violation of the statute (§§2412, 2414, 9429, 9814 Burns 1914, Acts 1905, p. 584, §§5868, 6118 R. S. 1881), *held* not proper elements of compensatory or exemplary damages, in the absence of any showing that the defendant procured or induced the officers to mistreat the accused or knew or had reasons to anticipate such violations of law.  p. 680.

11.  MALICIOUS PROSECUTION.—*Appeal.—Instructions.—Probable Cause.—Measure of Damage.*—In an action for malicious prosecution where the accused was confined in a filthy jail, and denied proper food or the use of a bed, and was roughly and brutally treated by the jailers, an instruction that told the jury in fixing the damages, it "would have the right to consider the discomfort inflicted on his person * * * and the humiliation endured by him while under arrest," *held* while one who maliciously and without probable cause institutes a prosecution is liable for all consequences of his act which may be expected in ordinary course, yet he is not bound to anticipate that officers will be guilty of criminal offenses in violation of law.  p. 680.

From Hendricks Circuit Court; *Zimrie E. Dougan,* Judge.

Action by Henry P. Davis against Herbert R. Duckwall and others for malicious prosecution. From a judgment for plaintiff against the named defendant, he appeals. *Reversed.*

*Eph Inman, Otis E. Gulley* and *Urban C. Stover,* for appellants.

*Clarence E. Weir, Charles W. Richards, George W. Brill* and *Baldwin & Curtis,* for appellee.

EWBANK, C. J.—Appellee sued appellant and two others for damages for alleged malicious prosecution, and recovered a verdict and judgment for $10,000 against appellant alone. Overruling the motion for a new trial is the only error assigned. The complaint alleged that the defendant Zenite Metal Company was

a corporation engaged in manufacturing (among other things) mouldings stamped out of metal and filled with lead, for use in finishing automobile bodies; that appellant was the president, and his codefendant Bates was the secretary of said company; that plaintiff lived in the city of New York, and was engaged in the manufacture and sale of lead filled mouldings by a secret process originated and owned by him; that at the request of defendants plaintiff came to Indianapolis for the purpose of perfecting arrangements with defendants to enter their employ in manufacturing and selling for them lead filled mouldings under plaintiff's said secret process; that he commenced work for the defendant company and continued in its service two or three weeks, when he returned to New York because of his inability to agree with defendants on a contract for permanent and continuous employment, and because of the illness of his family back there; that having tried, without success, to induce plaintiff to return to Indianapolis and continue in said employment, defendants maliciously and without probable cause and by means of false testimony submitted and given by them to the grand jury, caused two indictments against plaintiff to be returned in the criminal court of Marion county, Indiana, which charged that plaintiff had feloniously stolen two described checks of the value of $50, and $50 in money, and had feloniously embezzled $50 in money, each item so charged to have been taken being alleged to have been the property of said company; that by means of a warrant issued thereon and extradition proceedings plaintiff was caused to be arrested and imprisoned for a week in New York, and brought from there to Indianapolis and placed in jail where he remained until released on bail in the sum of $1,000, the next day; that more than three months later plaintiff

was tried on said charges and was acquitted; that plaintiff was put to great expense for attorneys and for traveling between Indianapolis and New York, and sustained humiliation, disgrace and discomfort, and was damaged $10,000 by said wrongful acts. The answer was a denial, and a second paragraph alleging that all which defendants did was done on the advice of a reputable and competent practicing attorney to whom they made a full statement of the facts, in good faith and for the honest purpose of being advised as to the law in relation to the alleged offense; also special denials of having acted with malice, and of having presented any false testimony to the grand jury were pleaded. The reply was a general denial.

There was no evidence that appellant appeared in person before the grand jury that returned the indictments against plaintiff (appellee), but the undisputed evidence of witnesses called by both sides was that except for some papers brought to the grand jury by an attorney who had visited plaintiff in New York in the interest of the Zenite Metal Company, and who was shown to have received fees from it for that and other special employments by the company as its attorney, and who testified that when he went to see plaintiff in New York he went "for Mr. Duckwall" (appellant), the testimony of said attorney was the only evidence heard by the grand jury. It also appeared without dispute that this attorney was the deputy prosecuting attorney in charge of the grand jury at the time the indictments were returned, and that the papers referred to were from the files of the Zenite Metal Company, some of them being letters and telegrams by plaintiff addressed to said company, some to plaintiff on behalf of that company, written by its secretary, others on its behalf written by appellant, as its president, and one that purported to be from appellant, individually. To

establish liability on the part of appellant, the plaintiff relied on evidence by which he sought to raise an inference that the deputy prosecuting attorney was the attorney and agent of appellant, and by appellant's authority procured the indictments to be returned, and that acting for appellant he concealed part of the material facts, and so manipulated the others in presenting them as to give the grand jurors a wholly false understanding of the case, and that appellant thereafter ratified and adopted all that had been so done. Appellant insists that there was no evidence tending to prove that he had anything to do with the investigation by the grand jury or the return of the indictments, or otherwise to prove the allegation in the complaint that the defendants (including appellant) "by means of false testimony submitted and given and caused to be submitted and given by them to the grand jury  *   *   *  caused and procured said grand jury to return two certain indictments against this plaintiff." That the indictments were returned was clearly proved, without dispute, and appellant testified that he had nothing to do with instituting the prosecution, that he counselled against it, and did not know of it until after plaintiff had been indicted. It was also proved without dispute that there was some agreement that a sum of money should be advanced by the Zenite Metal Company to plaintiff to pay the cost of bringing his family to Indianapolis, and that he received money from the company in excess of his wages to the amount of about $50 which he did not return on going back to New York.

The facts which must be established in order for plaintiff to be entitled to recover were: (1) that appellant instituted the prosecution or caused it to be instituted; (2) that he acted maliciously in so doing; (3) that there was no probable cause

for instituting it; and (4) that the prosecution had terminated. *Bitting* v. *Ten Eyck* (1882), 82 Ind. 421, 423, 42 Am. Rep. 505; *Johnson* v. *Brady* (1915), 60 Ind. App. 556, 559, 109 N. E. 230.

"The fact that an indictment was returned by the grand jury was in itself presumptive evidence of probable cause, though subject to be rebutted by proof that it was induced by false testimony or other improper means. *Terre Haute, etc., R. Co.* v. *Mason, supra; Scotten* v. *Longfellow* (1872), 40 Ind. 23, 27; 19 Am. & Eng. Ency. of Law (2d ed.) 663." *Miller* v. *Willis* (1920), 189 Ind. 664, 670.

Assuming, without deciding, that there may have been evidence fairly tending to prove each material element of plaintiff's case, as well as evidence to the contrary, we proceed to the examination of the reasons assigned for asking a new trial.

The giving of each of certain instructions and the refusal to give each of certain others were specified as reasons for a new trial. Appellee insists that 3. no question is presented by these specifications because the instructions were not incorporated in a bill of exceptions, and the attorneys and judge did not indorse thereon statements indicating which were given and which refused, and what exceptions were taken, in compliance with the statutes (§§560, 561 Burns 1914, §535 R. S. 1881, Acts 1907 p. 652) which authorize exceptions to be noted by making such memoranda. But the act of 1907 also provides that—"All instructions requested, whether given or refused, and all instructions given by the court of its own motion, shall be filed with the clerk of the court at the close of the instruction of the jury. Exceptions to the giving or refusing of instructions may be taken * * * and (Our italics) the *same may be taken orally and entered upon the record or minutes of the court,* * * *.

All instructions requested as herein provided, whether given or refused, and all instructions given by the court of its own motion, together with all exceptions taken to the giving or refusing of instructions as herein provided, and *all entries upon the minutes or records of the court in respect to such instructions and exceptions, shall be a part of the record* without any bill of exceptions, and as such *may be included in the transcript on appeal.*" §561 Burns 1914, *supra.*

Exceptions to the giving of the instructions complained of seem to have been taken in the case at bar in strict compliance with the provisions of the statute above quoted. The record recites that plaintiff tendered instructions numbered 1 to 8, inclusive, that the court gave of said tendered instructions Nos. 1, 2, 3, 4, 5, and 6, and refused to give the others, and that to the giving of each of those so given each one of the defendants at the time excepted; that the defendants tendered instructions numbered 1 to 17, inclusive, of which the court gave Nos. 6, 8, 9, 14, 15 and 17, and refused to give each of the others; and that the court gave of its own motion instructions numbered from 1 to 13, inclusive, to the giving of each of which severally the defendants severally excepted at the time; that all the instructions so requested by plaintiff and defendants, respectively, were signed by the court and ordered filed and were filed, and were as follows (setting them out) ; and that all those given by the court of its own motion were signed by the court in open court, and were "ordered filed, which is now done, and are as follows" (setting them out). Under the statutory provision that exceptions to the giving or refusal of instructions "may be taken orally and entered upon the record," that "all entries upon the minutes or records of the court in respect to such instructions and exceptions shall be a part of the record" on appeal, and that

all instructions requested, whether given or refused, and all given on the court's own motion, shall be filed, and shall likewise be part of the record, we do not think that appellee's objections because no memoranda of the exceptions were indorsed on the instructions, themselves, are well taken. And we think the record above referred to sufficiently shows exactly which instructions were given, and that all of those given are in the record.

The authorities holding that certain acts are necessary in order to reserve exceptions by indorsements on the margin or at the close of the instructions are not controlling in this case, where the exceptions were taken orally at the time the instructions were given, and were noted on the record in the order book.

Appellant's exceptions to the refusal of certain instructions asked by him and his codefendants below are not available, although the record recites that exceptions were taken at the time, because it appears from the record that these instructions were not tendered to the court, with a request that they be given until after the argument was concluded. §§558, cl. 4, 559 Burns 1914, §§533, 534 R. S. 1881; *Ransbottom* v. *State* (1896), 144 Ind. 250, 255, 43 N. E. 218; *Stamets* v. *Mitchenor* (1905), 165 Ind. 672, 676, 75 N. E. 579. But counsel for appellee are mistaken in stating that the requested instructions were not sufficiently signed by counsel. Signing a request that they be given which was attached to and fully identified them was a sufficient signing of the instructions. *Indiana, etc., T. Co.* v. *Sullivan* (1913), 53 Ind. App. 239, 244, 101 N. E. 401.

By instruction No. 2, given at the request of the plaintiff, the jury were told that certain enumerated facts "would not constitute probable cause for instituting a criminal prosecution against the plaintiff." But the instruction did not mention

the fact, proved by undisputed evidence introduced by plaintiff, himself, that an indictment charging him with the commission of the crimes for which he was prosecuted had been returned by the grand jury, although that fact, in itself, was presumptive evidence of probable cause (*Miller* v. *Willis, supra*) ; and it ignored the fact that by his pleadings plaintiff had admitted the return of the indictments, but had undertaken to establish that the defendants procured them to be returned by false testimony caused to be given to the grand jury. This instruction was so misleading that giving it was error.   Under the evidence, as applied to the issues, the jury might find all of the facts enumerated in this instruction, and yet the return of the indictment would establish the existence of probable cause unless rebutted by evidence to which the instruction contains no reference whatever.

It is further objected that this instruction opened with the statement (Our italics) that:   "One of the questions submitted for your consideration is the 7.   question as to whether or not the defendants or ·either of them had probable cause to believe the plaintiff guilty of a criminal offense *when they caused the prosecution to be begun.*"   The defendants having introduced evidence that none of them had anything to do with causing the prosecution to be commenced, and appellant having specifically denied, under oath, that he was a party to causing it, the court erred in thus assuming as a fact that "they caused the prosecution to be begun," and discussing the conditions under which they did so.

Appellant challenges certain instructions which erroneously submitted to the jury the general question whether or not there was probable cause for the 8, 9.   alleged prosecution, while appellee insists that the error was waived by asking and procuring

the court to give defendants' instruction No. 17 to the same effect. It is true that the question whether a given state of facts does or does not establish the existence of probable cause is for the court, and not for the jury. *Miller* v. *Willis, supra; Hutchinson* v. *Wenzel* (1900), 155 Ind. 49, 54, 56 N. E. 845; *Cleveland, etc., R. Co.* v. *Dixon* (1911), 51 Ind. App. 658, 662, 96 N. E. 815. But one who invites error by asking an instruction that erroneously declares a rule of law cannot successfully except to other instructions declaring it the same way. *Jackson, Rec.,* v. *Rutledge* (1919), 188 Ind. 415, 426, 122 N. E. 579; *Marion Trust Co.* v. *Robinson* (1915), 184 Ind. 291, 292, 110 N. E. 65. And the instruction No. 17 given at appellant's request clearly invited the errors referred to.

Evidence was admitted to the effect that a jail in Indiana in which plaintiff was confined after his arrest was in a filthy and unlawful condition, and that he was denied food fit to eat or the use of a bed, and that he was put into a cell that was filthy and full of vermin which got on his person and into his clothes, and that he was treated in a rough and brutal manner by his jailers and was otherwise unlawfully mistreated. But there was no evidence that the defendants knew or had reason to believe that any such things would be done. No exceptions were reserved to the introduction of this evidence. But the court gave an instruction at the request of plaintiff (No. 5) to which an exception was reserved, by which it told the jury that in addition to other matters to be considered by them in fixing the amount of damages to be awarded (Our italics) they *"would have the right to consider the discomfort inflicted on his person* as a result thereof and the *humiliation endured by him while under arrest* and as a result thereof;" and that if they found the defendants liable to exemplary damages "in determining such

additional sum (by way of punishment) you may take into consideration the financial worth of the defendant or defendants, as shown by the evidence, and after consideration *of all the evidence in the case bearing upon the subject of damages,* and the instructions of the court as have been given you, you may award such damages as you may deem him entitled to receive."

The authorities are in conflict on the question whether or not the bad condition of the jail and personal affronts to the prisoner by the public officers to whose custody he was committed may be considered as an element of compensatory damages or for the purpose of enhancing the exemplary damages in an action for malicious prosecution. But in the absence of any showing that the defendant procured or induced the officers to be guilty of such mistreatment, or knew or had reason to anticipate that plaintiff would suffer from violations of the law on the part of officers of this state while in their custody, we do not think acts done by them in violation of law were a proper element of compensatory damages; and without such a showing it clearly could not be the basis for an award of exemplary or punitive damages. *Zebley* v. *Storey* (1888), 117 Pa. 478, 12 Atl. 569; *Baer* v. *Chambers* (1912), 67 Wash. 357, 121 Pac. 843, Ann. Cas. 1913D 559; *Seidler* v. *Burns* (1911), 84 Conn. 111, 79 Atl. 53, 33 L. R. A. (N. S.) 291; *Laing* v. *Mitten* (1904), 185 Mass. 233, 70 N. E. 128; *Flam* v. *Lee* (1902), 116 Iowa 289, 90 N. W. 70, 93 Am. St. 242; *Redman* v. *Hudson* (1916), 124 Ark. 26, 186 S. W. 312; *Vansickel* v. *Brown* (1878), 68 Mo. 627; *Garvey* v. *Wayson* (1874), 42 Md. 178.

It is a criminal offense for the keeper of a jail or other lawful place of confinement to suffer it to become foul or unclean. §2412 Burns 1914, Acts 1905 p. 584, §506. It is made the official duty of the sheriff having

charge of a jail to "provide proper meat, drink and fuel for prisoners." §9814 Burns 1914, §6118 R. S. 1881. He is required to "take care of the jail and the prisoners therein." §9429 Burns 1914, §5868 R. S. 1881. A sheriff who shall refuse or neglect to perform any duty he is required by law to perform is liable to punishment by a fine and imprisonment. §2414 Burns 1914, Acts 1905 p. 584, §508. And the unnecessary infliction of personal violence on a prisoner constitutes an assault and battery. *Plummer* v. *State* (1893), 135 Ind. 308, 313, 34 N. E. 968. And while one who institutes a prosecution maliciously and without probable cause is clearly liable for all consequences of his act which may be expected in the ordinary course to result therefrom, he is not bound to anticipate that sworn officers of the law will be guilty of criminal offenses in violation of their official duty while the person so prosecuted is in their custody. It was error to give this instruction.

Since the case must be tried again we do not think it advisable to express an opinion concerning the sufficiency of the evidence, nor whether the damages were excessive.

The other rulings alleged to have been erroneous, so far as they are presented for review are of such a character that they probably will not be repeated when the case is again tried.

The judgment is reversed, with directions to sustain the motion for a new trial.

Myers, J., concurs on ground that plaintiff's requested instruction No. 5 was erroneous.