Baker & Bennett Co. *v.* Puklin.

---

BAKER AND BENNETT COMPANY *vs.* C. H. PUKLIN.

Third Judicial District, New Haven, June Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Under our rules (Pr. Bk., p. 287, § 194) a demurrer may only be used to test the sufficiency of an entire cause of action or defense and should be overruled when addressed, as in the present case, to separate paragraphs which do not purport to set forth all the essential allegations of the pleading.

Argued June 4th—decided June 30th, 1924.

ACTION to recover the amount of a trade acceptance executed by the defendant and payable to the order of the plaintiff, brought to the Court of Common Pleas in New Haven County where a demurrer addressed to two paragraphs of the counterclaim was sustained (*Simpson, J.*) and judgment was afterward rendered for the plaintiff to recover $432 upon the complaint, and for the defendant to recover $1 upon his counterclaim, from which the latter appealed. *Error and cause remanded to be proceeded with according to law.*

*Arthur L. Puklin,* for the appellant (defendant).

*Clarence W. Bronson,* for the appellee (plaintiff).

KELLOGG, J. The demurrer in this action was not directed to the counterclaim as a whole, but to two separate paragraphs. The plaintiff demurred to paragraph three and paragraph four of this counterclaim, reading as follows: "3. By reason of the failure of the plaintiff to carry out this agreement it was necessary for the defendant to go into the market and attempt to purchase the merchandise described in said memorandum, but he was unable to do so with the exception of certain articles for which he paid $45 more than the price agreed upon with the plaintiff. 4. The defendant lost the profits that would have come to him in the sale of said merchandise described in Exhibit A because of the plaintiff's failure to carry out the agreement by it to be performed, and said loss was in the amount of $601."

It will easily be seen that neither of these paragraphs attempt to set out a cause of action in themselves, but are simply allegations of damages connected with the remaining allegations of the counterclaim. In demurring to these paragraphs separately the plaintiff

was in direct violation of § 194 of the rules under the Practice Act, set forth on page 287 of the Practice Book, as follows: "The demurrer is the only remedy before trial by which to test the sufficiency of a cause of action or defense, whether stated in one pleading, count or defense, or in a paragraph or paragraphs thereof. The demurrer in each case must be to the entire cause of action or an entire or partial defense so stated, and can be used for no other purpose."

This rule and its application to demurrers to paragraphs, not setting out a cause of action in themselves, has been clearly stated and applied in *Donovan* v. *Davis*, 85 Conn. 394, 82 Atl. 1025. On page 397, we say: "If the respondent intended by his motion to attack the sufficiency of these several paragraphs, this could not be done by either a motion to expunge or by a demurrer. A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated, and then only by demurrer. The only remedy ' by which to test the sufficiency of a cause of action or defense, whether stated in one pleading, count or defense, or in a paragraph or paragraphs thereof,' is a demurrer. Practice Book (1908), p. 247, § 155(c)."

Also in *Hill* v. *Fair Haven & W. R. Co.*, 75 Conn. 177, 52 Atl. 725, it is said, on page 180: "Underlying the action of the defendant in filing its first two demurrers in this case, and of the court in sustaining them, is distinctly to be recognized a mistaken notion as to the right to demur to a paragraph, or a portion of a paragraph, of a pleading, for insufficiency. Ordinarily it is only in those rare cases where a pleading consists of one paragraph, or one essential paragraph, that it can be said of a single paragraph, that it is an insufficient statement of a cause of action, ground of defense, or reply. Paragraphs are rarely intended to

be sufficient in that sense. They are only convenient subdivisions of that larger and more comprehensive statement, which the rules of good pleading require to embody the essential allegations of fact which lead to a legal conclusion sufficient for the purpose of the pleader. In this sense, which is strictly the correct sense, an entire pleading may be insufficient: a part less than the essential whole, rarely." See also to the same effect, *Hull* v. *Thoms*, 82 Conn. 647, 74 Atl. 925, and *Seidler* v. *Burns*, 84 Conn. 111, 79 Atl. 53.

There was error in sustaining the demurrer, the judgment appealed from is set aside, and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.