[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 12, 1993, the plaintiffs filed a fifth revised complaint in which they allege in paragraph 9(a) of counts one and two that the defendants were negligent for violating the Connecticut Fire Safety Code, Chapter 5, Sections 5-2.2.6.2 and 5.22.6.6
On November 12, 1993, the defendants filed a motion to strike paragraph 9(a) from counts one and two of the complaint on the ground that a violation of the Fire Safety Code does not support an action for negligence where the plaintiff's fall was unrelated to a fire. Both parties have filed briefs.
The plaintiff argues that a motion to strike cannot be used to strike irrelevant or immaterial allegations.
A motion to strike may be used to contest the legal sufficiency of one or more counts or a complaint. Practice Book 152(1); see e.g. Cook v. Alexander, 40 Conn. Sup. 246, 249-49,488 A.2d 1295 (19867, Aaronson, J.) The defendants may not challenge a subparagraph of a count unless it sets forth a CT Page 249 separate and distinct claim. Baker Bennett Co. v. Pulkin,101 Conn. 163, 165, 125 A. 252 (1925); citing Donovan v. Davis,85 Conn. 394, 397-98, 82 A. 1025 (1912); Schrader v. Rosenblatt,26 Conn. Sup. 182, 183, 216 A.2d 451 (Super Ct. 1965).
The plaintiff correctly points out that their claim for violation of the Connecticut Fire Safety Code is only one among a number of allegations of negligence. Since the subparagraph does not set forth a separate and distinct cause of action, the defendants' motion to strike is denied.
/s/ Sylvester, J. SYLVESTER