Humphreys *v.* Stevens *et al.*

———————————◆———————————

## HUMPHREYS *v.* STEVENS ET AL.

PRACTICE.—Striking out a part of a pleading is not error, if the part which is left is sufficient to present the cause of action or defence.

CORPORATION.— *Voluntary Association.*—Two corporators, where all the others have withdrawn, are enough to continue a voluntary association, incorporated under the act of February 20th, 1867, 3 Ind. Stat. 550.

CITY.—*Deputy City Treasurer.*—There cannot be a deputy treasurer of a city, organized under the act of March 14th, 1867, 3 Ind. Stat. 63, without the approval and consent of the council of such city.

From the Miami Common Pleas.

*M. Winfield,* for appellant.

*D. C. Justice,* for appellees.

PETTIT, C. J.—This was an action of replevin by the appellant, David Humphreys, against the appellees, Chauncy W. Stevens, John T. Musselman, George W. Fender, Will C. Moreau, Graham N. Fitch, Dennis Uhl, Joseph Uhl, and the Democratic Printing and Publishing Association, commenced in the Cass Common Pleas, for a printing press and materials and property connected with it. A change of venue was taken to the Miami Common Pleas.

The transcript is in a very bad, imperfect, and probably an illegal condition. Among other things, it shows that the certificate of the clerk of the Cass Common Pleas Court to the papers and entries in that court on change of venue is four months later and after the date of the trial and judgment in

the Miami Common Pleas. For this, it is insisted by the appellees, the judgment ought to be affirmed, as the record does not show that at the time of the trial the papers and pleadings now in the transcript were before the court on trial. We do not pass upon this question, but are inclined to the opinion that the judgment ought to be affirmed for this, if for no other reason. But as the appellant presents but two questions, which we think are against him, we prefer to decide the case upon them.

A fifth paragraph of reply to the second, second and a half, and eighth paragraphs of the answer was filed, in these words:

" 5. The plaintiff, for a reply to the second, second and a half, and eighth paragraphs of answer, denies that there was at the commencement of this suit any such person or corporation as the Democratic Printing and Publishing Association, and that, if such ever existed, it has been since, and was, on the 30th day of November, 1872, dissolved ; that at its organization it consisted of eleven persons, all of whom, except two, had surrendered their act of corporation prior to that date ; wherefore the plaintiff prays judgment."

The paragraph of the answer, to which this fifth paragraph of the reply was filed, set up and alleged, among other matters, that the property was owned by and belonged to the Democratic Printing and Publishing Association.

A motion was made by the appellees to strike out of the reply these words : " That at its organization it consisted of eleven persons, all of whom, except two, had surrendered their act of incorporation prior to that date ; wherefore plaintiff prays judgment."

This motion was sustained, and this ruling is assigned for error.

We think there was no error in this. The question of an existing voluntary association or incorporation, under the act of February 20th, 1867, 3 Ind. Stat. 550, as to this association, was fully and sufficiently set out and denied in the remaining part of the reply, without the words stricken out, and therefore striking them out could do the appellant no harm. But there

were, taking the reply for true, two corporators left as and for a corporation, which were enough to continue the association or corporation under the act above referred to.

The next and only remaining question in the case is, can there be a deputy treasurer of a city organized under the act of March 14th, 1867, 3 Ind. Stat. 63, without the approval and consent of the council of such city? We think, and hold, there cannot, and that the acts of any man claiming to be a deputy treasurer of a city are void if the city council has not approved of the appointment, or given its consent to the same.

Section 8 of the charter provides, that " the said clerk, assessor, treasurer, and marshal, with the consent of the common council, may appoint one or more deputies when necessary."

There is no provision of the charter that allows or authorizes the appointment of a deputy city treasurer without the consent or approval of the city council.

The judgment is affirmed, at the costs of the appellant.

Biddle, J., was absent.