Filed Oct. 11, 1893.

———————◆———————

## No. 779.

## DARNELL *v.* SALLEE.

MALICIOUS PROSECUTION.—*Probable Cause.—Binding Over to Circuit Court by Justice of the Peace.—Not Conclusive Adjudication of Probable Cause.*—In an action for malicious prosecution, the fact that the plaintiff, on examination of a criminal charge by a justice of the peace, was bound over to the circuit court to await the action of the grand jury, does not amount to a conclusive adjudication of the existence of probable cause; and the charge having been investigated by the grand jury, and the plaintiff discharged on failure of the jury to prefer a charge, an action for malicious prosecution was maintainable.

HARMLESS ERROR.—*Striking Out Part of Answer Provable Under An-*

*other.*—It is not available error to strike out of one answer matter provable under another.

EVIDENCE.—*Offer to Prove.—When Not Error to Reject.*—There can be no available error in rejecting an offer to prove certain facts, unless proper questions are asked to elicit such evidence.

SAME.—*Criminal Docket.—Discharge of Accused, when Provable by.— Order-Book Entry.—Presumption.*—When there is nothing in the record to show that an order-book entry was ever made of an order discharging a person bound over to the circuit court to await the action of the grand jury, the appellate tribunal will presume that the trial court was justified in permitting such discharge to be proved by the entry on the criminal docket.

From the Greene Circuit Court.

*J. D. Alexander* and *H. W. Letsinger*, for appellant.
*W. W. Moffett* and *C. E. Davis*, for appellee.

GAVIN, C. J.—Appellee's complaint was for damages on account of a malicious prosecution. There was a trial, verdict for appellee, and judgment thereon over appellant's motion for a new trial.

The first error assigned is, that "the complaint does not state facts sufficient to constitute a cause of action."

The second is, that "the court below erred in overruling the appellant's demurrer to the complaint."

The complaint is in two paragraphs.

Neither of these assignments is sufficient to test separately the sufficiency of the several paragraphs. Their effect is simply to assail the complaint as a whole, and one good paragraph will be sufficient to withstand the attack, although the other should be bad. *Buchanan, Admr.,* v. *Lee*, 69 Ind. 117; *Branch* v. *Faust*, 115 Ind. 464.

One paragraph of the complaint charges that appellant, maliciously and without probable cause, instituted before a justice of the peace a criminal proceeding charging appellee with a trespass under section 1961, R. S. 1881, the least punishment for which was a fine of $50.

Darnell *v.* Sallee.

The justice, sitting as an examining court, bound appellee over to court to await the action of the grand jury, to whom the matter was referred. Upon their failure to indict, he was, by the order of the court, discharged.

It is urged, by appellant's counsel, that the fact that appellee was bound over by the justice is a conclusive adjudication of the existence of probable cause.

Appellant's counsel have not referred us to any authority directly sustaining this proposition.

Counsel rely upon the case of *Adams* v. *Bicknell*, 126 Ind. 210.

In this case it is held that where a defendant charged with a crime, within the jurisdiction of a justice, is tried and convicted, this conviction stands, in the absence of fraud, as an authoritative and conclusive adjudication of the existence of probable cause, notwithstanding the defendant may have appealed the cause to the circuit court and have been there tried and acquitted.

The case, however, falls short of maintaining appellant's proposition. There the justice sits as a trial court with full jurisdiction to finally adjudicate and determine the merits of the cause. Here he sits as an examining court merely, with no duty to perform, except to discharge or bind over for further investigation by another tribunal, as he may deem the evidence to warrant.

To hold with appellant upon this proposition would be in opposition to the great weight of authority.

In the case of *Bauer* v. *Clay*, 8 Kan. 580 (585), it is held that the order of a justice binding the accused over "is only *prima facie* and not conclusive evidence of probable cause."

This holding was expressly approved by the same court in *Ross* v. *Hixon*, 26 Pac. Rep. 955, where the question is considered at length.

In *Spalding* v. *Lowe*, 56 Mich. 366, 23 N. W. Rep. 46,

the court says, concerning a similar claim: "No au-
thority has been produced "in support of it," and we
think none exists."

This holding is also sustained by *Ash* v. *Marlow*, 20
Ohio, 119; *Ewing* v. *Sanford*, 19 Ala. 605; *Raleigh* v.
*Cook*, 60 Tex. 438; *Ricord* v. *Central Pacific R. R. Co.*,
15 Nev. 167; *Hale* v. *Boylen*, 22 W. Va. 234; *Bacon* v.
*Towne*, 4 Cush. 217; *Ganea* v. *Southern, etc., R. R. Co.*,
51 Cal. 140; *Diemer* v. *Herber*, 75 Cal. 287.

Both upon principle and the great preponderance of
authority, we are left to conclude that appellant's objec-
tion to the complaint is not well taken.

The matter struck out of the answer, if admissible for
any purpose, was admissible under the general denial,
which was also pleaded.    There is no available error in
striking out from one answer matter admissible under
another.    *Humphreys* v. *Stevens*, 49 Ind. 491; Elliott's
App. Proced., section 639.

As a cause for a new trial, it is asserted that the evi-
dence is not sufficient.

We are of opinion, however, that there is sufficient
evidence to sustain every material allegation of the com-
plaint.

As we have already held, the finding of the justice was
not conclusive evidence of probable cause.    He sat
simply as an examining court, and not to hear and pass
final judgment.

When it appeared that the case was referred to the
grand jury for investigation, that it failed to indict, ap-
pellee's discharge by the court, after the grand jury's
failure to return an indictment, was a termination
of the prosecution so as to enable him to maintain
this action.    14 Am. and Eng. Encyc. of Law, 29, note
9; *Hower* v. *Lewton*, 18 Fla. 328; *Lowe* v. *Wartman*, 47
N. J. L. 413; *Graves* v. *Dawson*, 130 Mass. 78; *Leever* v.

Darnell *v.* Sallee.

*Hamill*, 57 Ind. 423; *Richter* v. *Koster*, 45 Ind. 440; *Chapman* v. *Woods*, 6 Blackf. 504.

Complaint is made of the court's refusal to permit appellant to prove certain facts by the county surveyor. The record does not show that any questions were asked of the witness. Without a proper question there is no available error in rejecting an offer to prove. *Higham* v. *Vanosdol*, 101 Ind. 160; *Tobin* v. *Young*, 124 Ind. 507; *City of Evansville* v. *Thacker*, 2 Ind. App. 370.

The court permitted the discharge of the appellee to be proved by the judge's entries on his criminal docket. It is insisted that this was erroneous because the order-book entry was the best evidence. There is nothing in the record to show that there ever was any order-book entry. While it is true that there is a presumption that such a record was made because it ought to have been made (*Elmore* v. *Overton*, 104 Ind. 548), still there is also a presumption, and this is the stronger presumption, that the action of the trial court was correct.

In *Rapp* v. *Kester*, 125 Ind. 79, COFFEY, Judge, speaking for the court, says: "Every presumption in favor of the correctness of the rulings of the trial court is indulged in by this court, and unless the record affirmatively discloses an error of which complaint is made, the judgment from which the appeal is prosecuted will be affirmed." *Myers* v. *Murphy*, 60 Ind. 282; *Carman* v. *Pultz*, 21 N. Y. 547.

Judge ELLIOTT, in his excellent work on Appellate Procedure, says, at section 709: "If the appellate tribunal is compelled to resort to presumptions it will choose that which sustains the proceedings of the trial court and reject that which would overthrow them. If the condition of the record is such as to require the higher court to act upon a presumption it will, without

hesitation, adopt the presumption that upholds the judgment from which the appeal is prosecuted."

The principal objections to the instructions have been met by the views of the law already expressed in this opinion. Some other objections are made, but none of them appear to us tenable. The instructions asked were not signed by the appellant, nor by his attorneys, so far as the record discloses. For this reason there was no error in the court's refusal to give them. *State, ex rel.*, v. *Sutton*, 99 Ind. 300; *Board, etc.*, v. *Legg, Admr.*, 110 Ind. 479; Thornton on Juries, section 159.

We have, however, examined these instructions also, and find that, so far as they state the law, they are fully and fairly covered by those given to the jury.

Having failed to find any error in the record for which the cause should be reversed, the judgment is affirmed.

Filed Oct. 12, 1893.