**JOHNSON COUNTY RURAL ELECTRIC MEMBERSHIP CORPORATION, Appellant (Defendant Below),**

v.

**Jack W. BURNELL and Betty J. Burnell, Appellees (Plaintiff Below).**

**No. 4–385A52.**

Court of Appeals of Indiana,
Fourth District.

Nov. 6, 1985.

Friedrich A.P. Siekert, Kightlinger, Young, Gray & Detrude, Indianapolis, for appellant.

MILLER, Judge.

Jack and Betty Burnell sued the Johnson County Rural Electric Membership Corporation (REMC) for malicious prosecution after Jack was found not guilty of the criminal charge of converting REMC's power. The criminal court, however, initially determined probable cause existed for Jack's arrest. REMC introduced the probable cause determination by the criminal court and moved for summary judgment, which the trial court denied. We reverse.

## FACTS

From August 3 to October 11, 1982, the Burnells were member customers of REMC. During that time, REMC supplied electricity for the Burnells' residence. On October 6, 1982, however, REMC disconnected the Burnells' service for non-payment of past due bills. REMC accomplished this by installing a disconnect plate, disengaging the meter, and padlocking the meter base.

When REMC employees checked the Burnell residence on October 11, 1982, they discovered the padlock had been cut, the disconnect plate was missing, and the meter had been reinstalled. REMC determined 187 kilowatt hours of electricity had been consumed from October 6 until October 11. Moreover Dwight Land, the property owner, told REMC he had been at the Burnell residence on October 9 and the electricity had been on. He also stated he had used a power tool in the presence of Jack at the time. Finally, REMC had neither authorized nor given the Burnells permission to reconnect and use its electricity.

This sequence of events resulted in the Johnson County prosecutor filing an information for deception against Jack. The criminal court found probable cause existed for the arrest of Jack after hearing the testimony of Danny Arnold, a general manager of REMC. Upon the state's motion, however, the cause was dismissed without prejudice.

Later the state filed an information for conversion against Jack. Again, the criminal court found probable cause existed at a probable cause hearing. After holding a trial without a jury and taking the matter under advisement, the criminal court found Jack not guilty.

The Burnells then sued REMC for malicious prosecution, seeking compensatory and punitive damages. REMC moved for summary judgment on the basis of the criminal court's finding of probable cause.

The trial court denied REMC's motion and REMC appealed.[1]

## DECISION

Our disposition of the issue has been made more difficult by the fact we have not been favored with an appellee brief. Instead of imposing upon this court the burden of controverting arguments advanced for reversal, however, Indiana courts have long applied a less stringent standard of review with respect to showings of reversible error when the appellee fails to file a brief. Appellant REMC need only establish the lower court committed prima facie error to win reversal. *Indiana State Board of Health v. Lakeland Disposal Service, Inc.* (1984), Ind.App., 461 N.E.2d 1145, 1145 n. 1. In this context, "prima facie" means at first sight, on first appearance, or on the face of it. *Harrington v. Hartman* (1968), 142 Ind.App. 87, 88, 233 N.E.2d 189, 191 (quoting *Ellet v. Ellet* (1965), 137 Ind.App. 96, 98, 205 N.E.2d 555, 556). Likewise, the statement of facts contained in REMC's brief is deemed by us to be accurate and sufficient for the disposition of this appeal. *Colley v. Carpenter* (1977), 172 Ind.App. 638, 362 N.E.2d 163.

The rules stated above are not for the benefit of the appellant. These rules have been established for the protection of the court so that the court might be relieved of the burden of controverting the arguments advanced for reversal where such burden rests upon the appellee. The application of these rules is discretionary and dependent upon the appellant's having made a prima facie showing of error in his brief. *Ligon Specialized Hauler v. Hott* (1979), 179 Ind. App. 134, 384 N.E.2d 1071.

In looking for prima facie error where the trial court denied a motion for summary judgment, we must determine whether a genuine issue of material fact existed and whether the moving party was entitled to judgment as a matter of law.

---

1. Although the denial of summary judgment is an interlocutory order, the trial court found there was no just reason for delay in certifying the case for purposes of appealing the denial. *See* Ind. Rules of Procedure, Trial Rule 56(C).

*Garrett v. City of Bloomington* (1985), Ind.App., 478 N.E.2d 89. In resolving the first part of this test—a genuine issue of material fact—the record indicates no dispute between the parties as to the facts of the case. REMC introduced a certified copy of the criminal court's minute sheet containing two pertinent entries which stated:

"D. Charles Gantz files information for Deception. State of Indiana appears by Deputy Prosecuting Attorney. Probable cause hearing is had. *Court finds probable cause exists for the arrest of Defendant* on a charge of Deception. Court orders a warrant issued for Defendant. Bond $1,000.00.

\*    \*    \*    \*    \*    \*

Kevin Bartin files information for Conversion. State of Indiana appears by Deputy Prosecuting Attorney. Probable cause hearing is had. *Court finds probable cause exists for the arrest of Defendant* on a charge of Conversion. Clerk is directed to issue Alias Criminal Summons for Jack W. Burnell, 5234 West CR 700N. Greenwood, IN by Sheriff of Johnson County, IN. Defendant is ordered to appear for Initial Hearing on August 29, 1983 at 6:30 p.m."

Record, pp. 23–24 (emphasis added). In response, the Burnells submitted certified transcripts of the two probable cause hearings. Neither party disputed the accuracy or truthfulness of the other's copy or transcript from the criminal proceedings, and the material submitted is not conflicting or contradictory but rather is consistent. Thus, we conclude there is no genuine issue of material fact.

■ Next we consider whether REMC is entitled to judgment as a matter of law. In *Wong v. Tabor* (1981), Ind.App., 422 N.E.2d 1279, we stated:

"The essential elements of malicious prosecution are well established. The plaintiff has the burden of proving (a) the defendant instituted, or caused to be instituted, a prosecution against the plaintiff; (b) the defendant acted mali-

ciously in doing so; (c) the prosecution was instituted without probable cause; and (d) the prosecution terminated in the plaintiff's favor."

*Id.* at 1283. In this case, the element questioned by REMC is (c)—lack of probable cause.

■ In Indiana, a judicial determination of probable cause in a criminal proceeding constitutes prima facie evidence of probable cause in a subsequent malicious prosecution suit. *Darnell v. Sallee* (1893), 7 Ind.App. 581, 34 N.E. 1020. The prima facie case may be rebutted or overcome by the plaintiff in the malicious prosecution action by evidence that shows the finding of probable cause was induced by false testimony or fraud, or other improper means such as the defendant withheld material facts at the hearing. *See Duckwall v. Davis* (1924), 194 Ind. 670, 142 N.E. 113; *Miller v. Willis* (1920), 189 Ind. 664, 128 N.E. 831; *Terre Haute & Indianapolis Railway Co. v. Mason* (1897), 148 Ind. 578, 46 N.E. 332; *Scotten v. Longfellow* (1872), 40 Ind. 23.

■ In the case at hand, we have uncovered nothing in the record to indicate any such improper behavior on the part of REMC at the probable cause hearing. Moreover, we note that once REMC made a showing the lack of material factual issue on the element of no probable cause, the Burnells could not rest on their pleadings, but had to demonstrate the existence of a genuine issue for trial. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723. The Burnells have failed to do this in the record as best we can determine without the benefit of an appellee's brief.

■ The Burnells did argue against REMC's summary judgment motion on the grounds that REMC was negligent in its investigation of the allegedly improper electrical consumption. This, they claimed, was the type of misconduct which would rebut the prima facie evidence of probable cause in a malicious prosecution case. Our court has addressed this issue on several

occasions. In *Wong, supra,* 422 N.E.2d at 1289, we stated that while we disapprove slack or shoddy preparation in initiating an action, lack of probable cause cannot be based upon a negligent failure to investigate thoroughly where there is some factual basis for bringing a claim. *See also McCullough v. Allen* (1983), Ind.App., 449 N.E.2d 1168, 1171. Thus, more than mere negligence must be shown by the Burnells in order to rebut the prima facie evidence of probable cause which arose from the criminal court's finding of probable cause. The Burnells needed to demonstrate the finding of probable cause was induced by fraud or false testimony or withholding material facts, and we find no such demonstration in the record before us.

Therefore, we conclude that the Burnells only argument we can find against REMC's summary judgment motion is not legally correct, and the Burnells have offered us no other reasons why the summary judgment motion—which appears on the face of the record as if it should be granted—should be denied. Reversed and remanded for entry of summary judgment in favor of REMC.

YOUNG, P.J., and CONOVER, J., concur.