DAMON CORPORATION, Appellant–Defendant,

v.

Daniel ESTES, Appellee–Plaintiff.

No. 20A05–0101–CV–29.

Court of Appeals of Indiana.

July 10, 2001.

---

Donald S. Smith, Riley Bennett & Egloff, LLP, Indianapolis, IN, Attorney for Appellant.

## OPINION

MATTINGLY–MAY, Judge.

Damon Co. appeals the award of $121.14 plus costs, representing accrued vacation time, to Daniel Estes. Damon raises one issue, which we restate as whether the trial court properly awarded Estes vacation pay despite Damon's published policy under which the pay would not have accrued until after Estes' termination date.

We reverse.

### FACTS AND PROCEDURAL HISTORY

Estes began his employment with Damon on August 27, 1997. His employment was terminated by Damon on May 1, 2000, when Damon sold certain of its divisions to Keystone. Estes then became employed with Keystone.

At all times during Estes' employment with Damon, Damon's employee handbook provided that:

> Employees will receive their vacation pay, when eligible, on the regular payday, the week following their anniversary date. An employee does not earn vacation pay each year until his/her anniversary date.

(App. of Appellant at 10.)

After his termination by Damon, Estes made a claim for the vacation pay that he had accrued between his last anniversary date, August 27, 1999, and the date of his termination. Damon did not pay, citing the employee handbook. Estes then filed suit against Damon to recover his unpaid vacation pay. After a hearing, the trial court awarded Estes $121.14 plus costs. This appeal ensued.

### DISCUSSION AND DECISION

At the outset, we note that Estes did not submit an appellee's brief. In such a situation, we do not undertake the bur-

den of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error. *Hill v. Ramey,* 744 N.E.2d 509, 511 (Ind.Ct.App.2001). *Prima facie,* in this context, is defined as "at first sight, on first appearance, or on the face of it." *Id.,* quoting *Johnson County Rural Elec. Membership Corp. v. Burnell,* 484 N.E.2d 989, 991 (Ind.Ct.App.1985). Where an appellant is unable to meet that burden, we will affirm. *Id.*

■ Damon contends its company policy that vacation pay is not earned each year until the employee's anniversary date precludes Estes from recovering any "accrued" vacation time. We agree.

■ In *Die & Mold, Inc. v. Western,* 448 N.E.2d 44, 48 (Ind.Ct.App.1983), we characterized vacation pay as "additional wages, earned weekly." Therefore, "where only the time of payment is deferred, it necessarily follows that, *absent an agreement to the contrary,* the employee would be entitled to a pro rata share of it to the time of termination." *Id.* (emphasis supplied). We further noted that "[h]ad such an agreement or published policy existed, it would be enforceable." *Id.* at 47–48.

We followed the *Die & Mold* reasoning most recently in *Indiana Heart Associates, P.C. v. Bahamonde,* 714 N.E.2d 309, 312 (Ind.Ct.App.1999), *trans. denied* 735 N.E.2d 220 (Ind.2000). Heart Associates had a published policy declaring that an employee would not be entitled to her accrued vacation pay if she were terminated for "gross misconduct." We found summary judgment for Bahamonde improper because there was an issue of fact as to whether Bahamonde's acts amounted to "gross misconduct." However, we not-

ed that if Heart Associates could prove Bahamonde was terminated for "gross misconduct," then Bahamonde would not be entitled to her accrued vacation pay. *Id.* at 313.

Damon's published policy provided that "an employee does not earn vacation pay each year until his/her anniversary date." (App. of Appellant at 10.) Estes signed an acknowledgement that he had agreed to read and abide by the Damon employee policies. *Id.* at 9. Here, unlike in *Die & Mold,* there is a specific company policy with respect to vacation pay. Estes would not have been entitled to receive his vacation pay from Damon until his anniversary date, which would have been August 27, 2000. He was therefore not entitled to vacation pay from Damon at his termination some three months prior to his anniversary date.[1]

Reversed.

SHARPNACK, C.J., and KIRSCH, J., concur.

---

1. Estes did receive vacation pay from Keystone in 2000.