Frank **RODZIEWICZ**, Appellant,

v.

**WAFFCO HEAVY DUTY TOWING**, Appellee.

No. 45A03–0106–CV–195.

Court of Appeals of Indiana.

Feb. 27, 2002.

Frank Rodziewicz, Bogota, NJ, Appellant, Pro Se.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Frank Rodziewicz ("Rodziewicz"), pro se, appeals the trial court's judgment in favor of Waffco Heavy Duty Towing, Inc. ("Waffco").

We reverse and remand with instructions.

### ISSUE

Whether the trial court's judgment is contrary to law.

### FACTS

On December 17, 1999, Rodziewicz was driving a 1999 Volvo conventional tractor-trailer westbound on I–90 in Lake County when he struck a concrete barrier. His truck was stuck on top of the barrier and Indiana State Police contacted Waffco to assist in the recovery. Prior to Waffco beginning work, Rodziewicz asked how much it would cost to tow the truck. He was told that the fee would be $275, and there was no discussion of labor or any other costs. Further, Rodziewicz instructed Waffco to take his truck to a local Volvo dealership.

After a few minutes work, Waffco pulled Rodziewicz's truck off of the barrier and towed the truck to its towing yard a few miles away. Subsequently, Rodziewicz was then notified that, in addition to the $275 towing fee, he would have to pay $4,070 in labor costs. Waffco calculated its labor charges as .11¢ per pound. Because Waffco would not release the truck until payment was made, Rodziewicz paid the total amount.

After making minor repairs himself, Rodziewicz drove the truck to Truck City repair shop for an inspection of the brake system. On January 1, 2000, Truck City completed repairs to a brake chamber and valve on the air tank; the repair cost $240.55. The invoice noted that all brakes were inspected and looked good.

Rodziewicz subsequently hired attorney Malcolm B. Gerber ("Gerber") who mailed a letter to Waffco on January 26, 2000 seeking to resolve the dispute over the $4,070 labor charge. On May 3, 2000, Waffco faxed a letter to Gerber offering Rodziewicz a $1,200 refund. Waffco also stated, "Are you clear this truck had major damage to the undercarriage, this was not just a tow . . . ." (App. 7). No further action was taken on behalf of Rodziewicz, who dismissed Gerber.

On December 14, 2000, Rodziewicz filed a complaint pro se in Lake Superior Court, Small Claims Division. Rodziewicz's complaint alleged conversion and breach of contract and sought $3,000 in damages, costs, and interest. On April 17, 2001, a hearing was held. Rodziewicz appeared in person and Waffco appeared with counsel.

After hearing evidence, the trial court entered judgment in favor of Waffco.

## DECISION

We note that Waffco has not filed an appellee brief. As a result, we will not develop arguments on its behalf. *Damon Corp. v. Estes,* 750 N.E.2d 891 (Ind. Ct.App.2001). "Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error. *Prima facie,* in this context, is defined as 'at first sight, on first appearance, or on the face of it.'" *Id.* at 893 (quoting *Johnson County Rural Elec. Membership Corp. v. Burnell,* 484 N.E.2d 989, 991 (Ind.Ct.App.1985)). Where an appellant is unable to meet this burden, we will affirm. *Id.*

Indiana Small Claims Rule 8(A) provides for informal hearings with relaxed rules of procedure in order that speedy justice can be dispensed. As a result, we are particularly deferential to the trial court's judgment. *Mayflower Transit, Inc. v. Davenport,* 714 N.E.2d 794 (Ind.Ct.App.1999). However, we will reverse a negative judgment when it is contrary to law. *Id.* "A judgment is contrary to law when the evidence is without conflict and leads to but one conclusion which is opposite from that reached by the trial court." *Id.* at 798.

"The interpretation or legal effect of a contract is a question of law to be determined by the courts." *Bethlehem Steel Corp. v. Consolidated Rail,* 740 N.E.2d 900, 905 (Ind.Ct.App.2000). "An offer, acceptance, consideration, and a manifestation of mutual assent establish the existence of a contract." *Homer v. Burman,* 743 N.E.2d 1144 (Ind.Ct.App. 2001).

In this case, we find that Rodziewicz has established prima facie error. The record shows that Waffco offered to tow the truck for $275; Rodziewicz accepted the offer by authorizing the truck to be towed. Therefore, a contract to tow the truck for $275 existed. However, the record reveals no evidence that Waffco informed Rodziewicz that he would also be charged $4,070 in labor for moving the truck a few miles. There is also no evidence that Waffco's services included anything more than pulling Rodziewicz's truck off of the barrier and towing it to its yard. We also note that it is likely that Waffco did not take the truck to the Volvo dealer, as instructed, so that it would have leverage to extract this $4,070 charge that Rodziewicz did not agree to and for which Waffco produced no evidence of work product.

Assuming arguendo that we could construe the $4,070 charge as part of the initial negotiations between Rodziewicz and Waffco as part of a binding contract, we would be forced to find this term to be unconscionable. "Our supreme court has defined an unconscionable contract to be one which no sensible man not under delusion, duress or in distress would make, and such as no honest and fair man would accept." *Sho–Pro of Indiana, Inc. v. Brown,* 585 N.E.2d 1357, 1361 (Ind.Ct. App.1992) (quoting *Weaver v. American Oil Co.,* 257 Ind. 458, 276 N.E.2d 144, 146 (Ind.1971)). In this case, no one not under delusion would offer to tow a truck a few miles for $4,070 in labor, let alone accept it.

We reverse and instruct the trial court to enter judgment in favor of Rodziewicz in the amount of $3,000, plus costs and interest.

SHARPNACK and BAILEY, JJ., concur.