Nancy L. **BAUGHMAN,** Appellant–
Defendant,

v.

**STATE of Indiana,** Appellee–Plaintiff.

No. 40A01–0204–CR–135.

Court of Appeals of Indiana.

Nov. 6, 2002.

Mark J. Dove, Rogers & Dove, North Vernon, IN, Attorney for Appellant.

**OPINION**

BAKER, Judge.

Appellant-defendant Nancy L. Baughman appeals the trial court's sanction imposed against her and her trial counsel, Mark Dove. Specifically, Baughman and Dove contend that they were denied their right of due process when the judge ordered Dove to pay Jennings County a total of $250 for abusing the subpoena power of the court without a hearing. Concluding that the trial court erred in imposing that sanction in a summary fashion, we reverse and remand for further proceedings.

*FACTS*

On May 25, 2001, the State filed an Information charging Baughman with Operating a Motor Vehicle While Intoxicated with a prior conviction. Thereafter, on March 28, 2002, the State filed a Request For Sanctions to be imposed upon Dove for abusing the discovery process and subpoena power of the court. Specifically, it was alleged that Dove had subpoenaed four sheriff's deputies for a deposition on March 8, 2002. The State maintained that the officers had not been asked any questions relating to Baughman's arrest. It was asserted that "the majority of the questions were related to a fishing expedition for statements [that a sheriff's deputy] may have made about his tactical approach to stopping vehicles." Appellant's App. p. 7. Thus, the State requested that the trial court assess sanctions against Dove in an appropriate amount as a result of the purported fishing expedition.

On April 8, 2002, the trial court summarily issued an order pursuant to the request for sanctions, where Dove was to reimburse the Jennings County General Fund in the amount of $250 for the time that the four police officers and Chief Deputy Prosecuting Attorney had spent at the deposition. Baughman brings this appeal, alleging that the trial court erroneously imposed sanctions against Dove without first conducting a hearing.

*DISCUSSION AND DECISION*

We initially observe that the State has waived the filing of an appellee's brief. In such a situation, we do not undertake the burden of developing argu-

ments for the appellee. *Damon Corp. v. Estes,* 750 N.E.2d 891, 892–93 (Ind.Ct.App. 2001). Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish prima facie error. *Id.* at 893. Prima facie, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Id.* (quoting *Johnson County Rural Elec. Membership Corp. v. Burnell,* 484 N.E.2d 989, 991 (Ind.Ct.App.1985)). Where an appellant is unable to meet that burden, we will affirm. *Id.*

■ In resolving the issue before us, it is apparent that the State's request for sanctions is, in reality, an assertion that Baughman and her trial counsel have abused the discovery process. This court has determined that when a party files a petition for the imposition of sanctions, the trial court must ordinarily conduct a hearing thereon to determine whether a reason for not imposing sanctions exists. *See Hatfield v. Edward J. DeBartolo Corp.,* 676 N.E.2d 395, 400 (Ind.Ct.App.1997), *trans. denied; see also South v. White River Farm Bureau Co-op.,* 639 N.E.2d 671, 674 (Ind.Ct.App.1994), *trans. denied.* Our trial rules contemplate a hearing in order to determine the reasonableness of the sanction. *See* Ind. Trial Rule 37(B); *South,* 639 N.E.2d at 675. Additionally, we note that the elements of procedural due process required in civil proceedings are not definable with precision, but the opportunity to be heard is fundamental. *See Bagal v. Bagal,* 452 N.E.2d 1070, 1072 (Ind.Ct.App.1983) (holding that trial court's entry of proposed judgment and abstract of payments without prior notice and an opportunity to be heard being afforded to former husband deprived him of procedural due process).

■ In this case, neither Dove nor Baughman were given the opportunity to respond to the State's request for sanctions. The trial court acknowledged in its findings that a hearing was held on April 4, 2002, before making its decision on the request for sanctions. However, the record demonstrates that the subject of that hearing was a motion to suppress that Baughman had filed. The issues raised by the State's request for sanctions were not addressed in any manner.

In essence, there is nothing to support the trial court's finding and order. The record here consists solely of the State's request for sanctions and the trial court's order thereon. Under these circumstances, it is apparent that Dove and Baughman were not afforded the opportunity to be heard. Thus, the trial court's order of April 8, 2002, imposing sanctions may not stand.

Reversed and remanded for further proceedings consistent with this opinion.

VAIDIK and BARNES, JJ., concur.