## Marie B. AUGLE n/k/a Marie B. Deluca, Appellant,

v.

## William H. AUGLE, Appellee.

### No. 75A05–0610–CV–603.

Court of Appeals of Indiana.

July 2, 2007.

Kristin L. Scheuerman, Valparaiso, IN, Attorney for Appellant.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Marie B. (Augle) DeLuca ("Wife") appeals the trial court's modification of the post-nuptial agreement entered into by Wife and William H. Augle ("Husband").[1]

We reverse and remand with instructions.

### ISSUE

Whether the trial court abused its discretion in modifying the post-nuptial agreement.

### FACTS

Husband and Wife were married on June 20, 1970 and resided in Illinois until 2001, when they moved to Naples, Florida. During their marriage, Husband and Wife maintained a vacation home in Knox, Indiana.

Husband and Wife separated and entered into a post-nuptial agreement on December 6, 2004. Among other things, the post-nuptial agreement provided the following:

2. **Separation of the Parties.** Unhappy differences have arisen between the parties and, as a result, they intend to live separate and apart from the other and desire to settle and adjust all matter[s] relating to: (a) their marital duties; (b) all property rights, both real and personal, that each may have by virtue of their marriage or otherwise; (c) past, present, and future support of the other; and (d) alimony and all other allowances which either may be entitled

to in the event of a separation or dissolution of their marriage.

3. **Legal Proceedings.** The parties agree that neither one of them shall file a proceeding for the dissolution of their marriage until at least January 2006.

* * *

11. **Life Insurance.** The Husband will continue to leave in affect [sic] the life insurance policy in the amount of $125,000 naming Marie Augle as beneficiary and the Husband will continue to make the monthly premium payments on the policy. The Husband shall provide proof to the Wife that the policy remains in existence each year on the anniversary date of this Agreement. The Husband's obligation to maintain this policy shall continue and only terminate upon the death of the [H]usband or death of the Wife, whichever occurs first.

* * *

12. **Final Settlement.** The purpose of this Agreement is to effect a complete and final settlement with reference to each other of an equitable distribution of the marital assets and liabilities.

* * *

21. **Modification.** This Agreement shall not be modified by the parties except by: An Agreement in writing duly subscribed and acknowledged with the same formality as this Agreement; or a Court Order or appropriate pleadings.

---

1. Husband did not file an appellee's brief. "[W]e do not undertake the burden of developing arguments for the appellee." *Damon Corp. v. Estes*, 750 N.E.2d 891, 892–93 (Ind. Ct.App.2001). In such cases, we apply a less stringent standard of review with respect to demonstrating reversible error; accordingly, we will reverse if the appellant can establish *prima facie* error. *Id.* at 893.

* * *

24. **Legal Interpretation.** The laws of Florida shall govern the validity, construction, interpretation, and effect of this Agreement.

(App.72–80).

Husband moved to the Knox, Indiana residence in April of 2005. On January 20, 2006, Husband filed a petition for dissolution of the marriage. On February 23, 2006, Wife filed a petition for provisional orders "consistent with the Marital Settlement Agreement executed by and between the parties on or about December 6, 2004 . . . ." (App.71).

The trial court held the final hearing on August 23, 2006. During the hearing, Husband requested that the trial court modify the post-nuptial agreement to release him from the alimony and life insurance provisions. Husband testified that he wanted to name the parties' adult children as the life insurance beneficiaries so that they could afford to keep the Indiana property in the event of Husband's death.

On August 25, 2006, the trial court dissolved the marriage, taking the property settlement under advisement. On September 22, 2006, the trial court entered its final decree of dissolution, wherein it "adopt[ed] and incorporate[d]" the postnuptial agreement "with the exception of paragraph (11) requiring HUSBAND to designate WIFE as the beneficiary of a $125,000.00 life insurance policy." (App.7). Accordingly, the trial court ordered that "[c]ontrary to the terms of paragraph (11) of said December 6, 2004 Marital Settlement Agreement, HUSBAND shall not be obligated or required to designate WIFE as the beneficiary of" Husband's life insurance policy in the amount of $125,000. (App.10).

**DECISION**

 Wife asserts that the trial court abused its discretion when it modified the postnuptial agreement, releasing Husband from the requirement to name Wife as the beneficiary of Husband's life insurance. The acceptance or rejection of a post-nuptial agreement is within the trial court's discretion. *Beaman v. Beaman*, 844 N.E.2d 525, 530 (Ind.Ct.App.2006). However, "[i]n reviewing a settlement agreement, a court should concern itself only with fraud, duress, and other imperfections of consent, . . . or with manifest inequities, particularly those deriving from great disparities in bargaining power." *Voigt v. Voigt*, 670 N.E.2d 1271, 1278 (Ind.1996) (internal citation omitted). Therefore, "the power to disapprove a settlement agreement must be exercised with great restraint." *Id.*

In this case, Husband presented no evidence that he entered into the post-nuptial agreement under fraud, duress or misrepresentation, and Husband did not argue that the post-nuptial agreement was manifestly inequitable. Rather, Husband only testified that he preferred to name his children as the beneficiaries of his life insurance policy. Furthermore, the trial court did not find that the parties entered into the post-nuptial agreement as a result of fraud, duress, or misrepresentation. Nevertheless, the trial court modified the post-nuptial agreement by rejecting Paragraph 11.

Because the trial court made no findings of "fraud, duress, other imperfections of consent, or manifest inequities," we reverse the trial court's judgment only as to Paragraph 11 of the post-nuptial agreement. *See Pond v. Pond,* 700 N.E.2d 1130, 1137 (Ind.1998) (reversing trial court's rejection of post-nuptial agreement's attorney-fee provision where trial court's findings were "insufficient to estab-

lish fraud, duress, other imperfections of consent, or manifest inequities"). Thus, we remand this cause to the trial court with instructions to give full force and effect to the post-nuptial agreement in the entirety.[2]

Reversed and remanded.

KIRSCH, J., and MATHIAS, J., concur.

---

**2.** Wife alternatively argues that the trial court abused its discretion in applying Indiana law rather than Florida law in modifying the post-nuptial agreement. Wife, however, did not raise this issue before the trial court, and we need not address it here.