In the Matter of J.J.

Indiana Department of Child Services,
Appellants–Plaintiffs,

v.

B.B. and J.J., Appellees–Defendants.

No. 32A01–0906–JV–284.

Court of Appeals of Indiana.

Sept. 11, 2009.

Jon R. Rogers, Avon, IN, Attorney for Appellant.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

 The Indiana Department of Child Services ("DCS") appeals the trial court's

order that it pay the Guardian Ad Litem (the "GAL") fees associated with the underlying Child in Need of Services ("CHINS") proceeding.[1]

We reverse and remand.

## ISSUE

Whether the trial court erred in ordering DCS to pay the fees associated with the services provided by the GAL.

## FACTS

On April 7, 2009, the trial court held an emergency detention hearing after DCS took emergency custody of J.J. and alleged him to be a CHINS. Subsequently, the trial court entered an order appointing a GAL in the CHINS proceeding. The trial court ordered DCS to pay $300.00 in GAL fees within ten days, subject to a stay pending appeal.

## DECISION

 DCS asserts that the trial court erred in ordering it to pay any fees associated with the GAL's services pursuant to Indiana Code section 31–40–3–2.

A question of statutory interpretation is a matter of law. In such interpretation, the express language of the statute and the rules of statutory interpretation apply. We will examine the statute as a whole, and avoid excessive reliance on a strict literal meaning or the selective reading of words. Where the language of the statute is clear and unambiguous, there is nothing to construe. However, where the language is susceptible to more than one reasonable interpretation, the statute must be construed to give effect to the legislature's intent. The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an absurd or unjust result. Thus, we must keep in mind the objective and purpose of the law as well as the effect and repercussions of such a construction.

*Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct.App.2008), *trans. denied.*

A GAL is "an attorney, a volunteer, or an employee of a county program . . . who is appointed by a court" to represent and protect a child's best interests and provide the child with services requested by the trial court. Ind.Code § 31–9–2–50. Where, as in this case, a child is taken into custody without a court order, DCS shall request that the trial court appoint either a GAL or a court-appointed special advocate for the child. *See* I.C. § 31–34–2.5–4. Payment for any fees arising from services provided by a GAL "shall be made under IC 31–40." I.C. § 31–32–3–9. Article 40 of Title 31 applies to costs paid by DCS, "including costs resulting from the institutional placement of a child adjudicated a delinquent child or a [CHINS]." I.C. § 31–40–1–1.

On January 1, 2009, Public Law 146–2008 went into effect, amending portions of Indiana Code 31–40. Namely, it shifted the burden of paying for child services in CHINS proceedings from the county to the State via Indiana Code section 31–40–1–2(a), which provides as follows:

---

1. An appellee brief has not been filed in this case. Generally, where the appellee has not filed a brief, we apply a less stringent standard of review with respect to demonstrating reversible error; thus, we will reverse if the appellant establishes *prima facie* error. *Damon Corp. v. Estes*, 750 N.E.2d 891, 893 (Ind. Ct.App.2001). Where, however, the issue presents a question of law which shall be reviewed *de novo*, we do not apply a lesser standard of review. *See State v. Akins*, 824 N.E.2d 676, 677 (Ind.2005) (declining to apply a lesser standard of review where the issue presents a question of law).

Except as otherwise provided in this section and subject to:

(1) this chapter; and

(2) any other provisions of IC 31–34, IC 31–37, or other applicable law relating to the particular program, activity, or service for which payment is made by or through the department;

the department shall pay the cost of any child services provided by or through the department for any child or the child's parent, guardian, or custodian.

Public Law 146–2008, however, did not address whether the payment of fees associated with services provided by GALs also would shift to the State. Rather, it left Indiana Code section 31–40–3–2 unaffected. Indiana Code section 31–40–3–2 provides:

The fiscal body of the county shall appropriate money from:

(1) the guardian ad litem fund; or

(2) the court appointed special advocate fund;

to the juvenile courts of the county for use by the courts in providing guardian ad litem or court appointed special advocate services and the costs of representation for the guardians ad litem or court appointed special advocates.

We agree with this Court's prior determination that "[n]othing in Indiana Code section 31–40–3–2 appears to contemplate the possibility that DCS should bear the burden of paying GAL ... fees," where it "unambiguously provides that the *county* shall pay the fees associated with services provided by GALs...." *In re N.S. and J.M.*, 908 N.E.2d 1176, 1180 (Ind.Ct.App. 2009) (emphasis added).

[T]he General Assembly did not amend Indiana Code section 31–40–3–2 to shift the burden of paying GAL ... fees to DCS when it adopted [Public Law 146–2008], which shifted the burden of the payment of other services from the county to DCS. The General Assembly could have shifted the burden of paying fees associated with the services provided by GALs ... to DCS had it so intended, but its failure to do so suggests that the General Assembly intended for the burden to pay fees associated with services provided by GALs ... to remain with the county.

*Id.* at 1181.

■ Moreover, statutes must be read in *pari materia* and in harmony with related statutes. *St. Margaret Mercy Healthcare Centers, Inc. v. Poland,* 828 N.E.2d 396, 402 (Ind.Ct.App.2005), *trans. denied.*

Indiana Code section 33–24–6–4 ... provides that the division of state court administration *may* establish an office of GAL ... services, which the General Assembly *may* appropriate funds to, as it sees fit. *If* the General Assembly chooses to appropriate funds to the GAL ... services office, the division of state court administration shall provide *matching funds* to counties that implement and administer a GAL ... program[ ]. The counties may then use these funds to *supplement* their GAL ... program[ ]. Thus, the State's duty to provide matching funds to Indiana counties to help supplement their GAL ... program[ ] is contingent upon a decision by the General Assembly to fund the office of GAL ... services.... Indiana Code section 33–24–6–4 provides for "matching funds" to help "supplement" the funds which are appropriated or collected by the county to finance services provided by GALs....

*Id.* at 1182. Thus, we agree with this Court's prior decision that, given Indiana Code section 33–24–6–4, "the General Assembly intended for the onus of financial

support for GAL ... programs to lie with the county, and not the State." *Id.* at 1182.

We therefore find that Indiana Code section 31–40–3–2 requires the county, not DCS, to pay fees related to GAL services. Accordingly, we reverse the trial court's order that DCS pay the GAL-related fees in the underlying CHINS proceeding and remand for further proceedings.[2]

Reversed and remanded for further proceedings.

ROBB, J., and MATHIAS, J., concur.

**2.** Given our holding, we need not address DCS's alternative argument that, pursuant to Indiana Code § 31–40–1–2(e), it is not obligated to pay for services provided by a GAL where 1) the services are not eligible for federal assistance under either Title IV–B or Title IV–E of the federal Social Security Act; and 2) it has not recommended or approved those services. We also need not address DCS's argument that requiring it to pay GAL fees "could most probably severely hamper the agency in providing child protection and rehabilitation services." DCS's Br. at 16.