NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2011[*]
Decided October 25, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1983

| | |
|---|---|
| GLORIA E. SWANSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 08 C 7410 |
| HORSESHOE HAMMOND, LLC, | |
| d/b/a HORSESHOE CASINO HAMMOND, | William J. Hibbler, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Gloria Swanson was confronted by a security officer when she entered the Horseshoe Casino in Hammond, Indiana, in July 2008. Eight years earlier, when the facility was operating under different ownership as Empress Casino, Swanson had given management a signed directive to keep her out because of a gambling addiction. Then in August 2002, after the ownership change, Swanson had been caught trying to slip past security. On that occasion she was told that Horseshoe Casino would continue enforcing the

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

self-exclusion given to the former owner. But she went back again in November 2002, and that time when she was caught Swanson acknowledged in writing her receipt of a Notice of Criminal Trespass, which explicitly warns that if she enters Horseshoe Casino she is "subject to arrest and prosecution for the offense of criminal trespass." So when she came back in 2008, the security officer called the police and told Swanson she was under arrest. He then waited with her in a private office until she was taken to jail. Swanson was charged with criminal trespass, *see* IND. CODE § 35-43-2-2, but the criminal case eventually was dismissed. She then filed suit against the casino under 42 U.S.C. § 1983 and state law claiming that its security officer violated the Fourth Amendment and engaged in malicious prosecution by detaining her and calling the Hammond police. The district court dismissed the Fourth Amendment claim because the casino is not a state actor, and granted summary judgment on the malicious prosecution claim after concluding that the Notice of Criminal Trespass gave the casino and its security officer probable cause to initiate the criminal trespass proceedings.

On appeal Swanson challenges both rulings, although the casino counters that her case should be dismissed on the ground that her brief "almost completely violates" Federal Rule of Appellate Procedure 28. That rule does require litigants to make more than generalized assertions of error, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), but Swanson's brief, while difficult to follow, is sufficient to convey her areas of disagreement with the district court. So we decline to dismiss the appeal, which does not mean that Swanson's contentions have merit.

Her principal argument is that the security officer's deposition testimony that he would not have physically restrained her if she had tried to leave the casino before police arrived is conclusive evidence that there wasn't probable cause to believe she was trespassing. The absence of probable cause is one element of malicious prosecution, *Wells v. Bernitt*, 936 N.E.2d 1242, 1252 (Ind. Ct. App. 2010); *Conwell v. Beatty*, 667 N.E.2d 768, 778 (Ind. Ct. App. 1996), so Swanson could not prevail on her state-law claim unless, at a minimum, she could establish that the security officer lacked probable cause to believe she was committing criminal trespass. Probable cause to initiate a criminal proceeding exists if a reasonably prudent and intelligent person could conclude after reasonable inquiry that the suspect committed a crime. *Glass v. Trump Ind., Inc.*, 802 N.E.2d 461, 467 (Ind. Ct. App. 2004); *Conwell*, 667 N.E.2d at 778. Whether that standard was met on the undisputed facts of this case did not turn on the security officer's decision to avoid escalating his encounter with Swanson into a physical confrontation. Anyway, in the state criminal case a judge concluded that there was probable cause to believe that Swanson had committed the offense of criminal trespass. That judicial determination is prima facie evidence of probable cause in Swanson's suit for malicious prosecution. *See Glass*, 802 N.E.2d at 467; *Johnson Cnty. Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 992 (Ind. Ct. App. 1985). No evidence

suggests that this judicial determination was based on false testimony, fraud, or improper means, so Swanson did not rebut the prima facie showing. *See Glass*, 802 N.E.2d at 467. And since a determination of probable cause defeats Swanson's claim, there is no point in discussing her other contentions about the continuing validity of her self-exclusion, or what she believed its validity to be, or whether she was treated similarly to other casino patrons.

Swanson also challenges the dismissal of her § 1983 claim. She asserts that by adopting policies allowing for the detention and arrest of self-excluded gamblers, Horseshoe Casino exercised a government power. But a private party acts under color of state law if the state effectively directs or controls its actions or has delegated a public function to the private entity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009); *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004). Swanson's contention is wrong because the power to detain and arrest is not exclusively reserved to the government and by itself does not constitute state action. *See Wade v. Byles*, 83 F.3d 902, 906 (7th Cir. 1996). And neither does regulation by the state make Horseshoe Casino a state actor. *See Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 853 (7th Cir. 2002). Not that the casino's status even matters because the existence of probable cause to believe that Swanson was committing a criminal trespass defeats not only her claim for malicious prosecution but also any Fourth Amendment claim. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Williams v. Jaglowski*, 269 F.3d 778, 784 (7th Cir. 2001).

We have reviewed Swanson's other contentions, but none has merit. The judgment of the district court is AFFIRMED.