

FILED

Aug 31 2016, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Cassandra A. Nielsen
Office of Corporation Counsel
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tina Herron, <br> *Appellant-Defendant,* <br><br> v. <br><br> City of Indianapolis, <br> *Appellee-Plaintiff.* | August 31, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1602-OV-370 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Alicia A. Gooden, Judge <br><br> Trial Court Cause No. <br> 49G21-1405-OV-15215 |

**Pyle, Judge.**

## Statement of the Case

[1]     Tina Herron ("Herron") appeals the trial court's sanction of a $1,000 fine for her indirect contempt of court in a civil proceeding. She argues on appeal that the trial court abused its discretion in imposing the $1,000 fine because the fine was punitive rather than compensatory or coercive in nature, which is impermissible in a civil contempt proceeding. Because we agree that the trial

court's sanction was impermissibly punitive, we reverse and remand with instructions for the trial court to vacate Herron's sanction.

We reverse and remand with instructions.

## Issue

> Whether the trial court abused its discretion when it ordered Herron to pay a fine of $1,000 as a sanction for her contempt of court.

## Facts

On April 14, 2014, the City of Indianapolis ("the City") filed a civil complaint against Herron alleging that she had committed six violations of the Revised Code of the Consolidated City of Indianapolis and Marion County ("the Revised Code") regarding the care and treatment of her animals.[1] On June 3, 2014, the trial court held a bench trial on the complaint, and Herron appeared pro se. At the conclusion of the trial, the court entered judgment in favor of the City on all six counts and prohibited Herron from owning or keeping animals in Marion County.

On November 15, 2014, Indianapolis Animal Care and Control ("IACC") officers Jason Kindig ("Officer Kindig") and Jessica Kelley ("Officer Kelley") conducted a follow-up investigation to determine whether Herron was complying with the trial court's order. They had received a complaint that

---

[1] The nature of these charges is not a part of the record.

Herron was living at an address on Goya Street in Indianapolis along with several animals. When they arrived at the address, they found her there with nine dogs. As a result, Officer Kindig cited Herron with an additional violation of the Revised Code.[2]

[5] A month later, on December 24, 2014, the City filed a motion for the court to issue a rule to show cause and to find Herron in contempt of court for violating the court's June 3 order that she not own or keep animals. On January 6, 2015, the trial court ordered Herron to appear for a hearing to show cause as to why she should not be held in contempt of court. Subsequently, on April 29, 2015, the City moved to amend its motion for contempt. In the amended motion, the City requested "the imposition of a thirty (30) day jail sentence for [Herron], and all other relief just and proper in the premises." (App. 32). The City also requested "the costs of this action," but it did not specify the amount of its costs. (App. 32). The next day, the trial court granted the City's motion to amend its contempt motion.

[6] On November 23, 2015, Herron filed a verified motion to dismiss the City's motion for contempt on the basis that the City was seeking a remedy that was not available in civil proceedings—jail time—without offering her the opportunity to purge her contempt to avoid the jail time. The City responded,

---

[2] Officer Kelley returned to the same residence on June 2, 2015 with a search warrant and found Herron there with twelve dogs.

arguing that Herron's motion was premature because she had not yet been found in contempt. The City also argued that a sentence of imprisonment was permissible to coerce Herron's compliance with the trial court's order. On December 2, 2015, Herron filed a second motion to dismiss the City's motion for contempt, again arguing that the City's requested sanctions were not available in a civil proceeding. The City again responded, this time arguing that Herron's repetitive motions to dismiss were improper under Indiana Trial Rule 12(G). On December 10, 2015, the trial court denied Herron's motions to dismiss, concluding that her arguments were premature as it had not yet found her in contempt of court.

[7]     Four days later, on December 14, 2015, the trial court held a hearing on the City's contempt motion and its rule to show cause. At the hearing, the City requested that the trial court sanction Herron with a fine of $2,500, but it did not present any evidence of its costs for the action. At the conclusion of the hearing, the court found that Herron had willfully violated its June 3 order that she not own or keep animals. As a sanction, the court ordered that Herron pay a $1,000 fine within ninety days.

[8]     Herron subsequently filed a motion to correct error in which she argued that the trial court's fine was punitive and, therefore, should be suspended because such a sanction was not allowed in a civil contempt hearing without offering her a chance to purge her contempt to avoid the fine. The trial court denied Herron's motion to correct error without a hearing. She now appeals.

# Decision

On appeal, Herron does not challenge the trial court's determination that she was in contempt of the court's June 3, 2014 order. Instead, she argues that the trial court abused its discretion when it denied her motion to correct error because, according to her, it improperly sanctioned her with a punitive $1,000 fine in its contempt order. She acknowledges that a court may order a compensatory or coercive fine as a sanction for contempt. However, she asserts that there was no evidence that the trial court's fine here was compensatory in nature because it did not compensate the City for its actual losses. She also asserts that it was not coercive in nature because the trial court did not offer her an opportunity to purge her contempt prior to requiring her to pay the fine. Accordingly, she asserts that the fine was a punitive sanction that was impermissible in a civil contempt proceeding.

Preliminarily, we note that the City did not submit an Appellee's Brief, even though it did file an appearance. In such a situation, we do not undertake the burden of developing arguments for the appellee. *Damon Corp. v. Estes*, 750 N.E.2d 891, 892-93 (Ind. Ct. App. 2001). Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish prima facie error. *Id.* at 893. Prima facie, in this context, is defined as "'at first sight, on first appearance, or on the face of it.'" *Id.* (quoting *Johnson Cnty. Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind. Ct. App. 1985)). We also recognize that the determination of damages in a contempt proceeding is within the trial court's discretion. *In re*

*Adoption of A.A.*, 51 N.E.3d 380 (Ind. Ct. App. 2016), *reh'g denied.* We will reverse a reward of damages only if there is no evidence to support the award. *Id.*

[11] Turning to Herron's claim, we note that the rights and remedies in a civil contempt case are distinct from the rights and remedies in a criminal contempt case, although they may arise from the same acts. *Nat'l Educ. Ass'n—South Bend v. South Bend Cmty. School Corp.*, 655 N.E.2d 516, 522 (Ind. Ct. App. 1995). The primary objective of a civil contempt proceeding is not to punish the contemnor but to coerce action or to compensate the aggrieved party. *Evans v. Evans*, 766 N.E.2d 1240, 1245 (Ind. Ct. App. 2002). A civil contempt is not an offense against the dignity of the court, but is for the benefit of a party damaged by the failure of another to comply with a court order issued for the benefit of the aggrieved party. *Id.* at 1244-45. Accordingly, "'[w]ithout regard to economic resources, once a party is found in contempt, the trial court has the inherent authority to compensate the aggrieved party for losses and damages resulting from another's contemptuous actions.'" *In re Paternity of Pickett*, 44 N.E.3d 756, 770-71 (Ind. Ct. App. 2015) (quoting *Scoleri v. Scoleri*, 766 N.E.2d 1211, 1222 (Ind. Ct. App. 2002) (internal quotations omitted)). "'Any type of fine or imprisonment not for the aggrieved party's benefit must be considered punitive in nature and not properly imposed in a civil contempt proceeding.'" *Nance v. Miami*, 825 N.E.2d 826, 838 (Ind. Ct. App. 2005) (quoting *Nat'l Educ. Ass'n—South Bend*, 655 N.E.2d at 522), *trans. denied.* A fine, however, is permissible in a civil contempt hearing if the contemnor is afforded an opportunity to purge

the offense by coming into compliance with the trial court's order, in which case the fine would be considered coercive rather than punitive. *See Nat'l Educ. Ass'n—South Bend*, 655 N.E.2d at 523.

[12] We agree with Herron that the trial court's fine was not compensatory in nature because there is no evidence that it was designed to compensate the City for its actual damages. It is well-established that any damages awarded in compensation to an aggrieved party must be based on the aggrieved party's actual damages. *Nance*, 825 N.E.2d at 837. Here, while the City requested a $2,500 fine, it did not produce any evidence of its damages to support that request. The trial court also failed to provide any basis for its determination that $1,000 would compensate the City for its losses.

[13] Furthermore, there is no evidence that the trial court intended the City, the aggrieved party, to receive the fine as the trial court ordered that the fine should be payable to the Marion County Clerk. The court did not order that the Clerk should subsequently transfer the fine to the City. We have previously held that a fine that must be paid to the clerk rather than the aggrieved party is not compensatory in nature because it does not compensate the aggrieved party. *See Hancz v. City of South Bend*, 691 N.E.2d 1322, 1326 (Ind. Ct. App. 1998) (holding that a punitive fine to be paid to the clerk of court rather than the City, the aggrieved party, was not compensatory and was void as contrary to law).

[14] Next, we conclude that the fine was not coercive in nature because it was not designed to coerce Herron's compliance with the trial court's original order by

allowing her to purge her contempt. The trial court could have made the fine coercive by making her payment of the fine contingent on her compliance with the June 3 order, but it did not do so. *See Nat'l Educ. Ass'n—South Bend*, 655 N.E.2d at 523 (noting that a fine is coercive if the contemnor is offered an opportunity to purge the contempt).

[15] Because Herron's fine was not compensatory or coercive in nature, we conclude that it was solely punitive and was therefore impermissible in a civil proceeding. *See id.* ("Any type of remedy in a civil contempt proceeding must be coercive or remedial in nature."). As a result, we reverse the trial court's denial of Herron's motion to correct error and remand with instructions for the court to vacate its sanction for Herron's contempt finding.

[16] Reversed and remanded with instructions.

Bradford, J., and Altice, J., concur.