## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 28 2017, 10:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel F. McNamara
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amanda Newcomer,

*Appellant,*

v.

John McQueary,

*Appellee.*

Court of Appeals Case No.
92A03-1610-JP-2347

Appeal from the Whitley Circuit Court

The Honorable James R. Heuer, Judge

Trial Court Cause No.
92C01-1106-JP-344

**Barnes, Judge.**

## Case Summary

[1] Amanda Newcomer appeals the trial court's order denying her request to change her son's name. We affirm.

## Issue

Newcomer raises two issues, which we consolidate and restate as whether the trial court abused its discretion when it denied her request to change her son's name.

## Facts

Newcomer and John McQueary are the parents of C.M., who was born on May 16, 2011. Newcomer and McQueary were not married, and C.M.'s birth certificate reflected Newcomer's last name. "Newcomer" is the last name of Newcomer's former husband. In June 2011, Newcomer filed an action to establish paternity. In December 2011, the parties filed an agreed judgment on the paternity petition. In April 2012, McQueary filed a petition to modify child support and change C.M.'s last name to his own. On April 17, 2012, the trial court ordered C.M.'s last name to be changed to "McQueary." App. p. 99. Newcomer did not appeal that order.

Thereafter, McQueary changed C.M.'s birth certificate to reflect the name change. But Newcomer continued to identify C.M. with her last name. She did not change his name with his medical providers; in May 2014, she enrolled him in preschool with the last name "Newcomer"; she enrolled, or maintained his enrollment, in Hoosier Healthwise with the last name "Newcomer"; she registered him for extra-curricular activities with the last name "Newcomer"; she maintained his Whitley County Health Department vaccination record under the last name "Newcomer"; he participated in Newcomer's church's

youth ministry with the last name "Newcomer"; and C.M.'s relatives continued to identify him with the last name "Newcomer." Newcomer did, however, complete a tax form releasing her claim to C.M.'s tax exemption and identified him with the last name "McQueary"; Newcomer executed that form in February 2015.

On May 26, 2016, Newcomer filed a petition for restoration of name asking the trial court to change C.M.'s last name to Newcomer.[1] The trial court held an evidentiary hearing on Newcomer's petition on July 6, 2016, and, on August 5, 2016, issued an order, including limited findings of fact and conclusions thereon, denying it. Newcomer filed a motion to correct error, which the trial court denied on September 8, 2016. Newcomer now appeals.

# Analysis

At the outset, we note that McQueary did not file an appellee's brief. In that situation, we do not develop arguments for the appellee. *Herron v. City of Indianapolis*, 59 N.E.3d 319, 322 (Ind. Ct. App. 2016). We do apply a less-stringent standard of review and may reverse the lower court if an appellant can

---

[1] We note that Newcomer did not include a copy of her petition in the Appendix. She also omitted the memorandum of law in support of that petition that she filed following the evidentiary hearing and omitted her motion to correct error. Instead, Newcomer included the nineteen exhibits she introduced during the evidentiary hearing. We direct Newcomer to Indiana Rule of Appellate Procedure 50(A)(2)(f), which requires an appellant to include in his or her Appendix "pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal." Indiana Rule of Appellate Procedure 50(A)(2)(h) requires an appellant to include in his or her Appendix "any record material relied on in the brief *unless the material is already included in the Transcript*." (emphasis added). "Transcript" includes "any exhibits associated therewith." Ind. Appellate Rule 2(K).

establish prima facie error. *Id.* "Prima facie, in this context, is defined as at first sight, on first appearance, or on the face of it." *Id.* (quotations omitted) (citations omitted).

[7] We review the denial of a motion to correct error for an abuse of discretion. *Otter Creek Trading Co., Inc. v. PCM Enviro PTY, LTD*, 60 N.E.3d 217, 226 (Ind. Ct. App. 2016), *trans. denied*.

> A trial court has abused its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences therefrom. The trial court's decision comes to us cloaked in a presumption of correctness, and the appellant has the burden of proving that the trial court abused its discretion. In making our determination, we may neither reweigh the evidence nor judge the credibility of witnesses. Instead, we look at the record to determine if: (a) the trial court abused its judicial discretion; (b) a flagrant injustice has been done to the appellant; or (c) a very strong case for relief from the trial court's order has been made by the appellant.

*Id.* (citation omitted) (quotations omitted).

[8] Where, as here, the trial court issues findings of fact and conclusions thereon sua sponte, "the findings control our review and the judgment only as to the issues those specific findings cover.[2] Where there are no specific findings, a

---

[2] We see nothing in the record before us that indicates either party requested findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A). Again, however, we note that the Appendix does not contain Newcomer's petition, so we have no way of knowing whether she perhaps requested findings of fact and conclusions thereon in that filing. The Chronological Case Summary does not indicate either party requested

general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial." *Samples v. Wilson*, 12 N.E.3d 946, 949-50 (Ind. Ct. App. 2014). We apply a two-tier standard of review to the sua sponte findings and conclusions thereon. *Id.* at 950. We first determine whether the evidence supports the findings and then whether the findings support the judgment. *Id.* We will set aside findings and conclusions:

> only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. In conducting our review, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom. We will neither reweigh the evidence nor assess witness credibility.

*Id.*

[9] Newcomer concedes the evidence in this case supports the trial court's findings. She contends, however, "the findings do not support the conclusion that it was not in C.D.M.'s best interest to restore his surname. The court's findings simply have no bearing on the ultimate issues the court faced." Appellant's Br. p. 12. We again note that when a trial court enters findings of fact and conclusions thereon sua sponte, as the trial court did here, the findings control our review only with regard to those issues the specific findings cover. *Samples*,

findings and conclusions thereon, and Newcomer's Appellant's Brief does not state that either party requested them.

12 N.E.3d at 949-50.  We agree that the trial court's order does not specifically address C.M.'s best interests. With regard to that determination, however, we apply a general judgment standard.  *Id.*

> In deciding on a petition to change the name of a minor child, the court shall be guided by the best interest of the child rule under I.C. 31-17-2-8.  However, there is a presumption in favor of a parent of a minor child who:
>
>> (1)  has been making support payment and fulfilling other duties in accordance with a decree . . . ; and
>>
>> (2)  objects to the proposed name change of the child.

Ind. Code § 34-28-2-4(d).[3]  In determining the best interests of the child, the court must consider all relevant factors, including:

> (1) The age and sex of the child.
>
> (2) The wishes of the child's parent or parents.
>
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
>
> (4) The interaction and interrelationship of the child with:

---

[3] Newcomer contends McQueary did not establish the presumption in his favor.  Even assuming, arguendo, that McQueary did not establish the presumption, our conclusion remains the same.

(A) the child's parent or parents;

(B) the child's sibling; and

(C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

(A) home;

(B) school; and

(C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

* * * * *

I.C. 31-17-2-8.

[10] To support her petition, Newcomer presented a great deal of evidence that C.M. is, and has been, known throughout his community with the last name "Newcomer." He is enrolled in school, Hoosier Healthwise, his church's youth ministry, and community activities with the last name "Newcomer." His medical records are maintained under the last name "Newcomer." Newcomer is the last name of C.M.'s mother, of course, and she shares that last name with

her other two children.  Newcomer testified it is an advantage for C.M. to have the same last name as his half-siblings:

> Um, all three have different dads, um, but there is no half-siblings in our house.  They are just brothers and sisters.  There's no questions, there [are] no questions from the community that they're brother and sister.  There's no question of whether they all have the same dad, have different dads.  It just alleviates a lot of stress on the kids.

Tr. p. 30.  Newcomer testified she believes it is in C.M.'s best interests to share her last name because, "[t]hat's what he knows.  That's how he's been known, that's how the school addresses him.  That's his identity within the community.  That's how he's always been known within our community, within the medical community.  There's been a continuity of Newcomer." *Id.* at 31.

[11]    We are not unmindful of the fact that consistency is important to children and that it will take some time for C.M. and his community, friends, and family to acclimate to identifying him with the last name "McQueary."  However, we find Newcomer's willful disregard for the trial court's earlier name-change order severely damaging to her argument.  In essence, by flouting the trial court's order, Newcomer has engineered the predicament from which she wishes C.M. to be rescued.  Had Newcomer simply complied with the trial court's order, C.M. and his community would not know him by the last name "Newcomer," and using the name "McQueary" would pose no challenge.

[12]    Newcomer seems to attempt to mitigate her noncompliance with the trial court's order by explaining that C.M. was very ill when he was a baby and that

she needed to prioritize his medical care above changing his name. Be that as it may, C.M.'s medical condition has been stable for some time now, and Newcomer has had ample time to comply with the trial court's order. Furthermore, we see no plausible reason for Newcomer to have expanded the areas of C.M.'s life in which he was known as "Newcomer" by, for instance, enrolling him in school under that name in 2014. [4]

[13] We conclude that the evidence is sufficient to prove it is in C.M.'s best interests to retain the last name "McQueary." "Newcomer" is the last name of Newcomer's former husband, a man with whom C.M. has had no relationship whatsoever. Although C.M.'s surname will differ from that of his mother and siblings, we believe he is better served by having the same name as the father who loves and cares for him than he is by having the name of a man with whom he has no affiliation. The trial court did not abuse its discretion when it denied Newcomer's petition to restore C.M.'s name.

## Conclusion

[14] It is in C.M.'s best interests to retain the last name McQueary. The trial court did not abuse its discretion when it denied Newcomer's petition to restore C.M.'s name. We affirm.

---

[1] [4] We note that Newcomer did not appeal or otherwise challenge the trial court's 2012 order changing C.M.'s last name to "McQueary." Her petition to restore C.M.'s name seems to be an attempt to make an end-run around the rules of trial and appellate procedure limiting the time in which she should have filed a post-judgment motion or notice of appeal. That we cannot permit her to do.

Affirmed.

Kirsch, J., and Robb, J., concur.